The City of Springfield

*v.*

A. W. Sale *et al.*

*Filed at Springfield January 24, 1889.*

| 127 | 359 |
| 140 | 411 |
| 143 | 105 |
| 127 | 359 |
| 155 | 665 |
| 127 | 359 |
| 168 | 161 |
| 127 | 359 |
| 171 | 158 |
| 127 | 359 |
| 189 | 5273 |

1. Special assessment—*amendment of assessment roll.* On application by a city to the county court to confirm special assessments of benefits upon lots by the construction of a sewer, the caption to the assessment roll returned by the commissioners appeared as their "assessment of a special tax," etc.: *Held,* that the designation as of a special tax was a clerical error, and that an amendment of the caption to make it conform to the fact was properly allowed.

2. Same—*for construction of sewer—assessment limited to benefits.* In a proceeding for special assessment of contiguous property for the construction of a sewer, it is the duty of the commissioners to examine the locality where the proposed improvement is to be made, and each contiguous tract of land or lot affected thereby, to determine the amount of special benefits accruing from such improvement, and apportion the cost thereof, not exceeding the amount of special benefits, upon the several lots, in the proportion that they will be severally benefited.

3. No lot or tract of land can be assessed any greater sum than it is specially benefited by the proposed improvement. There must be assessed to each lot the special benefit it will derive from the improve-

ment, and if a sufficient sum is not thereby raised to make the improvement, the residue must be paid out of the general funds of the city. A report of the commissioners that they have assessed the expense of the improvement according to the frontage of the contiguous lots, without finding that the special benefits are in that proportion, will not be a compliance with the law.

4. SAME—*basis for ascertaining benefits—correcting assessment.* The law has not prescribed what basis for ascertaining the benefits shall be adopted by the commissioners, but ample provision is made for the correction of errors in the assessment. The county court may change, alter or annul the assessment, and when the roll is corrected, it is the duty of the court to confirm the same by its order.

5. SAME—*report of commissioners as to mode of assessment—will not vitiate, where the fact appears.* The fact that the commissioners, in their report, gave the frontage of the lots upon the street, or that they assessed against each lot the exact cost of the sewer in front of the same, will not, of itself, vitiate the assessment, when it appears that they determined that the benefit to each lot was equal to the cost of the sewer in front of such lot.

6. SAME—*of the ordinance—sufficiency—former decision.* The case of *City of Springfield* v. *Mathus et al.* 124 Ill. 90, in relation to the sufficiency of an ordinance for the construction of a sewer by special assessment, is cited and followed.

APPEAL from the County Court of Sangamon county; the Hon. JAMES H. MATHENY, Judge, presiding.

Mr. C. L. CONKLING, and Mr. JOSEPH M. GROUT, for the appellant:

Under section 1, article 9, of the general law relating to cities and villages, the city has power to make the improvement wholly by special assessment, and without any part of the expense being paid by the public. (*Ricketts* v. *Hyde Park*, 85 Ill. 112.) It may determine what the public or the property shall pay. *People* v. *Sherman*, 83 Ill. 166; *Watson* v. *Chicago*, 115 id. 78.

The only restriction is, that the assessment shall not exceed the benefits.

As to the sufficiency of the ordinance, see section 19, article 9, of the City and Village act; *Hyde Park* v. *Spencer*, 118 Ill.

City of Springfield v. Sale *et al.* 361

Brief for the Appellees.    Opinion of the Court.

457; *Hyde Park* v. *Borden,* 94 id. 33; *Lake* v. *Decatur,* 91 id. 599; *Foss* v. *Chicago,* 56 id. 354; *Street Railway Co.* v. *Jacksonville,* 114 id. 562; *Levy* v. *Chicago,* 113 id. 650.

Messrs. Patton, Hamilton & Shutt, Messrs. Gross & Broadwell, and Mr. H. A. Stevens, for the appellees:

The assessment was made on the basis of the frontage of the contiguous property, and not upon the special benefits. *Wright* v. *Chicago,* 46 Ill. 44.

Such assessments must be based on and not exceed the special benefits. *Larned* v. *Chicago,* 34 Ill. 203; *Chicago* v. *Baer,* 41 id. 310; *Canal Trustees* v. *Chicago,* 12 id. 403; Rev. Stat. chap. 24, sec. 140; Cooley on Taxation, 454, 418.

The ordinance is void because it fails to specify the nature, character and description of the sewer, and attempts to delegate authority to the city engineer. Rev. Stat. chap. 24, sec. 135; *City of Sterling* v. *Galt,* 117 Ill. 20; *Levy* v. *Chicago,* 113 id. 650; *Hyde Park* v. *Spencer,* 118 id. 457; *Kankakee* v. *Potter,* 119 id. 327.

Per Curiam: This was an application by the city of Springfield to the county court for confirmation of the special assessment in a proceeding by the city to construct a sewer in Walnut street, in said city. The county court refused confirmation, and dismissed the petition, and the city appealed.

Two objections are urged to the proceedings for special assessment, and which, it is said, render them invalid. As stated by counsel for appellees, the two points made against the validity of the proceedings, are: "First, that the case, as made in the county court, failed to show proper assessments;" and, "second, that the ordinance was void, because it did not sufficiently specify and describe the sewer proposed to be constructed."

The assessment roll returned by the commissioners was improperly returned by them, as appeared in the caption thereof,

as their "assessment of a special tax," etc.   This was manifestly a clerical error, and after filing the roll in the county court, it was, by leave of the court, amended by the commissioners, so as to show it to be an assessment for special benefits, etc.   The commissioners had properly certified the assessment, and the amendment of the caption, to make it conform to the fact, was entirely proper.

It is urged, however, that the assessment was not in proportion to the benefits accruing to the several lots from the public improvement proposed, but was made by the commissioners in proportion to the frontage of such lots upon the street in which the sewer was to be constructed. ˙ This contention arises from the fact that the commissioners, in their report, gave the frontage of each lot upon said street, and assessed the cost of building the sewer in front of the lots upon the same, respectively, and determining that the cost of constructing the sewer at the street and alley intersections should be borne by the city.   It was the duty of the commissioners to examine the locality where the proposed improvement was to be made, and each contiguous tract of land and lot affected thereby, determine the amount of special benefits accruing from such improvement, and apportion the cost thereof, not exceeding the amount of special benefit, upon the several lots, in the proportion that they were severally benefited.   In proceedings for special assessment of contiguous property, no lot or tract of land can be assessed any greater sum than it is specially benefited by the proposed improvement.   There must be assessed to each lot the special benefit it will derive from the improvement, and if a sufficient sum is not thereby raised to make the improvement, the residue must be paid out of the general funds of the municipality.   A report, therefore, of commissioners, that they have assessed the expense of the improvement according to the frontage, without finding that the special benefits are in that proportion, would not be in compliance with the law.   Cooley on Taxation, 454; *City of*

*Chicago* v. *Larned et al.* 34 Ill. 203; *City of Chicago* v. *Baer,* 41 id. 310.

The facts, however, do not sustain the contention of counsel. The assessment was for special benefits accruing to each of the lots named in the assessment roll, from the proposed public improvement. The fact that in the report the commissioners gave the frontage of the lots upon the street, or that they assessed against each lot the exact cost of the sewer in front of the same, will not, of itself, vitiate the assessment. It would seem that the commissioners determined that the benefit to appellees' lots was equal to the cost of the sewer in front of the same, and charged the amount thereof upon such lot. If so, it is impossible for us to say that the assessment was not fairly and impartially made for benefits accruing to said lots. What basis for ascertaining benefits shall be adopted by the commissioners is not prescribed by the law. Ample provision is made for the correction of errors in the assessment, by the statute, (sec. 31, art. 9, of general Incorporation act,) and the county court was authorized to modify, alter, change or annul the assessment, and make all such orders as might be necessary to a just and true assessment of the benefits. (Ibid. sec. 33.) When the roll is corrected in the manner provided by statute, it is then the duty of the court to confirm the same by its order. There was no such error in the return of the assessment by the commissioners, as would authorize the dismissal of the proceedings in the county court.

In respect of the second point made, that the ordinance is void because it did not sufficiently specify and describe the sewer proposed to be constructed, it need only be said, that the same ordinance, in all essential particulars, was before this court in *City of Springfield* v. *Mathus et al.* 124 Ill. 90, and was there sustained. Indeed, a reading of the two ordinances will show them to be substantially identical. The reports of the committees appointed to estimate the cost of the improvement in the two cases, are also substantially the

same. Every element here urged as wanting to the validity of this ordinance, was there insisted upon. No extended discussion of the point made will therefore be necessary or proper.

For the reasons given in the case cited, the objection to the ordinance is held not to be well taken. It follows, as in that case, the order of the county court in this case must be reversed, and the cause remanded for further proceedings.

*Order reversed.*