THE SANITARY DISTRICT OF CHICAGO

*v.*

THE CITY OF JOLIET.

*Opinion filed February 20, 1901.*

1. SPECIAL ASSESSMENTS—*when benefits need not be limited to particular uses.* Benefits, from the construction of a sewer, to lots owned by the sanitary district need not be limited, by instruction, to the particular uses to which it might lawfully put the lots, but may include uses for which the lots are reasonably adapted, when the evidence shows that it had used the lots for office buildings and leased them to others, and tends to show that the lots were acquired for a temporary purpose, after the fulfillment of which they would have to be sold, in which case the presence of the sewer would enhance their value.

2. SAME—*what does not show that assessment was not based on benefits.* That the assessment against objector's lots corresponds in amount with those against other lots in proportion to frontage does not, of itself, overthrow the assessment, where the commissioner testifies that he made the assessment according to benefits.

APPEAL from the County Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding.

JAMES TODD, and P. C. HALEY, for appellant.

E. G. PURKHISER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A special assessment was levied upon property fronting on Cass street, in the city of Joliet, including three lots of appellant, to pay for a sewer in said street. After a trial by jury the county court of Will county overruled appellant's objections to the assessment and entered a judgment of confirmation.

Appellant claims that the proposed sewer in Cass street will be of no benefit to the lots, because, under the law, its property is held for limited and special uses and it can make no use of said lots which would require

a sewer, and for the further reason that the location of said lots is along the drainage channel, so that a sewer would be of no benefit to them in any event. The drainage channel at that place is the DesPlaines river, which appellant enlarged and deepened. The lots lie almost wholly outside of the channel. About one-tenth of one lot at the back end was excavated and made a part of the river channel. One of the lots has a building on it, which was used as offices by appellant and afterward by contractors for the same purpose. The rest of the lots was used for a spoil-bank for the deposit of material excavated from the river. After the river was deepened and widened nearly all of the spoil-bank was removed from the lots. There was some testimony, in answer to a hypothetical question assuming certain facts, that the sewer would not be of any benefit to the lots. The hypothesis stated in the question was, that appellant could only acquire and hold land for the purpose of constructing its channel, for the purpose of carrying off and disposing of drainage and sewerage, to make and establish docks, and to dispose of water power incidental to the construction of channels or outlets, and that the Des-Plaines river was not navigable and appellant could not create water power at that point. If the hypothesis of fact stated is true, and appellant is confined, as matter of law, to such uses as were mentioned in the question, it is difficult to see what possible use it could have for the lots, and if they are not of use for the purposes of appellant, the law authorizes it to sell and convey them. The district had made use of the building for purposes for which a sewer would be a benefit to the property. The temporary use for a spoil-bank had passed, and the property not being included in the channel or its appurtenances, if appellant could not make use of it for general purposes it would have no use for it, and the evidence shows that its value in the market would be enhanced by the sewer and it would be more valuable to a private

owner and salable for a better price.  The lots are adjoining the channel, and a sewer could be laid from them to the channel while appellant owns them, if it chooses to do so; but such a sewer connection would involve expense, and there was evidence that the sewer in the street, and connection therewith, benefited the lots.

Appellant asked instructions limiting benefits to uses to which it might subject the property, and it complains that the court modified them so as to include not only the uses of appellant but uses to which the lots might reasonably be put.  The second instruction asked by the appellant and given, authorized the jury to consider the present use of the property and such other uses or purposes to which it was reasonably adapted, and we see no distinction between that instruction and the others, as modified.  Inasmuch as the evidence showed that appellant had used the lots for office purposes and leased them to others, and tended to show that they were acquired for a temporary purpose, and that after the spoil-bank was cleared off they should be disposed of, we do not think the modification wrong.

Another proposition insisted upon is, that the special assessment is illegal and void because it was spread according to the frontage of the property abutting on the street, and not according to special benefits.  The lots could only be assessed on the principle of benefits to them, and the report of the commissioner shows that he made the assessment according to such benefits.  He was also sworn as a witness, and testified that the assessment was made according to the benefits derived by the property from the proposed sewer, and that in arriving at such benefits he considered the present use of the property, its frontage on the street and the possible uses to which it might be put.  It appears that the assessment of these lots and some other property corresponds with frontage in amount; but that will not, of itself, vitiate the assessment, where it appears that the commissioner

determined that the benefit was equal to the amount assessed.  (*City of Springfield* v. *Sale*, 127 Ill. 359; *Walker* v. *City of Aurora*, 140 id. 402.)  The evidence of the commissioner does not show that the assessment was not according to benefits.

The judgment of the county court is affirmed.

*Judgment affirmed.*