## BUTTERS ET AL. *v.* CITY OF OAKLAND ET AL.

ERROR TO THE DISTRICT COURT OF APPEAL OF THE STATE OF
CALIFORNIA IN AND FOR THE FIRST APPELLATE DISTRICT.

No. 16.   Submitted October 3, 1923.—Decided November 12, 1923.

1. Where a state statute authorizes municipal authorities to define
   the district to be benefited by a street improvement and to assess
   the cost of the improvement upon the property within the dis-
   trict in proportion to benefits, their action in establishing the dis-
   trict and in fixing the assessments on included property, after due
   hearing of the owners as required by the statute, when not arbitrary
   or fraudulent, cannot be reviewed under the Fourteenth Amend-
   ment upon the ground that other property benefited by the im-
   provement was not included and taxed.   P. 164.
2. The fact that a city council, in revising public improvement as-
   sessments upon appeal, reduced those laid on certain areas and
   made up the amount of the reduction by distributing it over and
   assessing it upon the entire district, does not in itself establish that
   an assessment thus increased was, to the extent of the increase, arbi-
   trary and not according to benefits.   P. 165.
3. The California Improvement Act of 1911, as construed by the
   state Supreme Court, while authorizing collection of street im-
   provement taxes, does not interfere with the taxpayer's right to
   compensation for damages caused to his abutting property by a
   change of grade, or his right to enjoin the doing of the work until
   such damages have been ascertained and paid.   P. 166.
4. The theoretical possibility that improvement taxes laid in propor-
   tion to estimated benefits may be greater than the benefits to be
   actually received by land so taxed, is not enough to overturn this
   established method of assessment.   P. 166.
53 Cal. App. 294, affirmed.

ERROR to a judgment of the District Court of Appeal of
California, which affirmed a judgment against the present
plaintiffs in error in their suit to enjoin the defendants
from making or recording an assessment of street im-
provement taxes against the plaintiffs' properties.

*Mr. C. Irving Wright* and *Mr. J. E. Manders* for plain-
tiffs in error.   *Mr. F. E. Boland* was also on the brief.

*Mr. James A. Johnson* for defendants in error. *Mr. George M. Shaw* and *Mr. R. M. F. Soto* were also on the brief.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Plaintiffs in error brought suit to restrain the defendants from making or recording an assessment of improvement taxes against plaintiffs' properties, made under the provisions of the Improvement Act of 1911, California Statutes, 1911, pp. 730–769. The improvement consists of certain street grading in the City of Oakland, together with various structures, such as culverts, etc., in connection therewith.

The authority to order such improvements is vested by the statute in the City Council, which, before making an order, must pass a resolution of intention to do so, setting forth specified details. In a case such as is here presented, the Council may delimit the district to be benefited and make the expense chargeable upon it. Public notice of the contemplated improvement is to be given, and, within stated times thereafter, the owner of any assessable property may protest in writing against either the proposed work or the extent of the district to be assessed, or both. Such protest must be heard and passed upon by the Council and " its decision shall be final 'and conclusive." If the protest be denied, the Council may order the proposed improvement. Provision is made for inviting bids and awarding and making contracts therefor and for reviewing the proceedings at the instance of any interested person. Where the cost of the improvement is to be assessed against a district, diagrams of the property benefited must be made,. showing each separate lot, piece or parcel of land, its area, relative location, etc. Thereupon the Superintendent of Streets must estimate the benefit to be received by each of such parcels of land

" in proportion to the estimated benefits to be received by each," and thereafter an assessment to cover the same is made. Any person interested may appeal to the City Council in respect of these and prior proceedings, including the question of the correctness or legality of the assessment. The decision of the City Council thereon is made final and conclusive as to all persons entitled to appeal.

The trial court found the issues of fact and of law against plaintiffs and entered judgment accordingly, which was affirmed by the Court of Appeal for the First Appellate District, 53 Cal. App. 294. A petition to have the cause heard in the state Supreme Court was denied, and it comes here by writ of error to the District Court of Appeal. The federal question raised in the court below and presented here is that the state statute and the assessment against plaintiffs' properties offend against the Federal Constitution in that the one arbitrarily authorizes and the other arbitrarily imposes a tax upon plaintiffs' properties for a local improvement in excess of the benefits received and without providing for resulting damages, and thereby they are deprived of their property without due process of law, in violation of the Fourteenth Amendment. Several grounds are urged in support of this contention, which we consider in their order.

1. Plaintiffs in error contend that the assessment was not in proportion to the benefits because certain property, also benefited by the improvement, was omitted from the district. Without reviewing the circumstances said to establish this contention, it is enough to say that the municipal authorities were empowered to establish the district benefited and to assess the tax in proportion to the benefits. Ample provision is made for a hearing and a hearing was accorded. There is nothing to justify the conclusion that the authorities acted arbitrarily or

fraudulently.  The assessment was reviewed upon ap-
peal by the City Council, and that body, after a hear-
ing, altered it in some particulars, and caused a new war-
rant of assessment to be issued.  Its action, under the
statute, was final and conclusive and is not open to at-
tack in this proceeding.  *Fallbrook Irrigation District* v.
*Bradley,* 164 U. S. 112, 167–170, 175; *Hibben* v. *Smith,*
191 U. S. 310, 321–323; *Jelliff* v. *Newark,* 48 N. J. L. 101,
109; *Embree* v. *Kansas City, &c. Road District,* 240 U. S.
242, 247–249.

2. Upon review by the City Council deductions were
made from the amounts assessed upon certain areas in-
cluded within the district and a sum equal to the aggre-
gate thereof was distributed  over and assessed upon the
entire district, resulting in some increase in the assessment
upon plaintiffs' properties.  It is urged that this estab-
lishes, to the extent of the increase, that the assessment
was arbitrary, and not according to benefits.  The Su-
preme Court of California in another case, involving the
same assessment, has held otherwise.  *Rockridge Place
Co.* v. *City Council,* 178 Cal. 58, 62–63.  The whole
matter seems to have been fully heard and carefully con-
sidered by the City Council and its adjustment upon the
basis that the assessment upon some property within the
district was too high and that upon the remainder too low
cannot be upset merely because the aggregate amount
deducted from the one coincides with that applied upon
the other, since the Council, after a full hearing, expressly
found that the assessment as finally made was in accord-
ance with the benefits.  It is impossible for us to say that
the property assessed did not receive an additional benefit
to the extent of the amount thus proportionately distrib-
uted.  The determination of the Council is so largely a
matter of opinion, that, in the absence of convincing
evidence of error it will not be disturbed.  See *Jelliff* v.

*Newark, supra; Walker* v. *City of Aurora,* 140 Ill. 402, 411; *Sanitary District* v. *Joliet,* 189 Ill. 270, 272; *State, Pudney, pros.,* v. *Village of Passaic,* 37 N. J. L. 65, 67–68.

3. Plaintiffs insist that the order directing the improvement in question is invalid because no provision is made for the ascertainment and adjustment of damages occasioned to abutting owners by a change of grade. As construed by the state Supreme. Court the statute simply authorizes the collection of the assessment, but does not interfere with the right of a taxpayer whose property may be injured thereby to receive compensation or to enjoin the doing of the work until it is ascertained and paid. 53 Cal. App. 299; *Wilcox* v. *Engebretsen,* 160 Cal. 288, 298–299. We must accept this construction. Two of the plaintiffs, in fact, availed themselves of this remedy and recovered damages against the City.

4. The statute provides that the expense of the work may be chargeable upon the district which the City Council declares to be benefited by the improvement, and that such cost shall be assessed upon the several lots in the district " in proportion to the estimated benefits to be received by each "; and it is urged by plaintiffs that the cost may exceed the benefits, in which event the proportionate assessment of the estimated benefits may, in fact, be greater than the actual benefits received. We are not impressed with this contention. It is not unreasonable to assume that ordinarily the cost of. street grading and paving, within municipalities such as this statute deals with, will not exceed the benefits which the adjoining land owners will receive, and it is neither alleged nor proven that it has in fact done so in the present .case. The method of assessment provided for is an old and familiar one and embodies a principle too well established to be overturned by the suggestion of. a theoretical possibility that there may not be an exact and mathematical relation between cost and benefit in particular instances. See

*Louisville & Nashville R. R. Co.* v. *Barber,* 197 U. S. 430, 433–434; *Martin* v. *District of Columbia,* 205 U. S. 135, 138–140.

*Affirmed.*