SULLIVAN v. BLAKESLEY, County Treasurer, et al.*
SAME v. GREYBULL VALLEY IRR. DIST. et al.
(Nos. 1392, 1397; June 15, 1926; 246 Pac. 918.)

IRRIGATION DISTRICTS—WATERS AND WATER COURSES—STATUTES—CONSTITUTIONAL LAW—IRRIGATION DISTRICT LAW IS VALID—EXACTIONS MADE BY IRRIGATION DISTRICTS ARE NOT TAXES—TAXATION—EMINENT DOMAIN—APPEAL AND ERROR.

1. An irrigation district, which reclaims desert lands, and confers a benefit, not alone on private individuals within district, but also on people of state as whole, is a public, rather than a private, corporation.

2. The duty and right to determine propriety of having irrigation districts established rest with Legislature under general powers to provide for welfare of state.

3. In view of Const. art. 3, § 27, providing that, where a general law can be made applicable, no special law shall be enacted, Legislature must create irrigation districts by general, rather than special, laws.

4. Irrigation districts are not municipal corporations as generally understood, nor are they subdivisions of any city, town, village, or county, and hence Const. art. 13, § 2, prohibiting organization of municipal corporations without consent of electors therein, does not apply to Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121; Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts.

5. The method provided for by Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, providing for organization of irrigation districts on petition of certain number of people owning or holding lands therein, and on a hearing, after due notice, on such petition by district court, *held* constitutional.

6. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 3, § 37, prohibiting delegation to any special commissioner, private corporation, or association of any power to supervise municipal improvements or properties, to levy taxes, or to perform any municipal functions whatever.

7. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 15, § 11, requiring all property to be uniformly assessed for taxation, and a just valuation for taxation of all property, since the exactions authorized to be made by irrigation districts are essentially assessments for local benefits and are not levied for general governmental purposes, as are taxes contemplated in such constitutional provisions.

8. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 1, § 28, prohibiting tax to be imposed without consent of people, and requiring taxation to be equal and uniform, since the exactions authorized to be made by irrigation districts are essentially assessments for local benefits, and are not levied for general governmental pur-

poses, as are taxes contemplated in such constitutional provisions.

9. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 16, §§ 2, 4, prohibiting creation in state, county, city, town, or village of debts in excess of taxes for current year unless submitted to vote of people, since exactions authorized to be made by irrigation districts are essentially assessments for local benefits, and are not levied for general governmental purposes as are taxes contemplated in such constitutional provisions.

10. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 3, § 27, prohibiting passage of local or special laws for assessment or collection of taxes, since exactions authorized to be made by irrigation districts are essentially assessments for local benefits, and are not levied for general governmental purposes as are taxes contemplated in such constitutional provisions, and as the irrigation district laws are general, rather than special, laws.

11. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 15, § 13, providing that no tax shall be levied except in pursuance of law, and that each law imposing a tax shall state distinctly the object of the same to which only it shall be applied.

12. Comp. St. 1920, § 951 et seq., as amended by Laws 1921, cc. 54, 121, Laws 1923, cc. 14, 91, and Laws 1925, cc. 52, 53, relating to irrigation districts, *held* not violative of Const. art. 1, § 33, prohibiting private property to be taken or damaged for public or private use without just compensation, as irrigation assessments, within certain limitations, are intended as a general lien against assessed property in district, and are made on theory that they equal the amount of the benefits.

13. An application by commissioners of irrigation district for an order to change name of district involves no constitutional question, on which questions can be reserved to Supreme Court.

*See Headnotes (1-4) 12 C J p. 85 n. 81; 36 Cyc. p. 1009 n. 47; 40 Cyc. p. 817 n. 83, 84, 85, 86.   (5) 19 C J p. 615 n. 73, 75; 40 Cyc.

p. 817 n. 86.   (6-10) 12 C J p. 857 n. 93; p. 859 n. 15 New; 36 Cyc. p. 1011 n. 53; 37 Cyc. p. 711 n. 39; p. 712 n. 41, 42, 43; p. 725 n. 36; 40 Cyc. p. 821 n. 21; p. 824 n. 55 New, 56; p. 825 n. 59 New. (11-12) 20 C J p. 529 n. 99; 28 Cyc. p. 1104 n. 29; 40 Cyc. p. 825 n. 59 New. (13) 3 C J p. 1000 n. 10.

Reserved Case from District Court, Big Horn County; Percy W. Metz, Judge.

Action by E. J. Sullivan, for himself and others having a common interest, against Lou Blakesley, Tax Collector of Big Horn County, and others, and by the same plaintiff against the Greybull Valley Irrigation District and others. Briefs filed in case 1392 were used in both cases.

*L. A. Bowman*, for plaintiff.

An irrigation district is a private corporation; Chapter 75, Wyo. C. S. 1920 is unconstitutional in delegating power to private corporations, powers forbidden by Article 3, Section 37 Const. The Act is in conflict with other provisions of the State Constitution, viz: Art. 13, Sec. 2, prohibiting the organization of municipal corporations without the consent of the electors residing within the district.

Art. 15, Sec. 11, requiring uniform taxation.

Art. 1, Sec. 28, prohibiting the imposition of taxes without the consent of the people or their representatives.

Art. 1, Sec. 33, prohibiting the taking of private property for public or private use without just compensation.

Art. 16, Sec. 4, prohibiting debts in excess of current annual taxes.

Art. 3, Sec. 27, prohibiting the enactment of special laws for the assessment of taxes.

Districts provided for by the Act are private corporations; Board v. Houston, 71 Ill. 318; Ten Eyck v. Canal Co., 37 Am. Dec. 233; Interstate Co. v. Irr. Dist., 66 Colo. 219; Kinnie v. Bare, (Mich.) 56 N. W. 672. If districts organized under Chapter 75, C. S. are public or quasi public corporations that are void under the provisions of the Constitution, particularly Article 13, Section 2, some of the cases support the doctrine that they are public cor-

porations; Pioneer Dist. v. Walker, 20 Idaho 805; Brown Bros. v. Dist., (Wash.) 144 Pac. 74; Peters v. Dist., (Wash.) 167 Pac. 1085; Clancy v. Dist., 121 Wash. 79; Tulare Dist. v. Shephard, 185 U. S. 1; People v. Dist., (Cal.) 197 Pac. 384; Com'rs. v. Kelsey, 120 Ill. 482; Norris v. Dist., 248 Fed. 369; Caldwell v. Dist., (Mo.) 236 S. W. 15; In re: Pequest River, 39 N. J. L. 433. The tax burden is predicated upon benefits; a principle impossible of application with exactness and justice; Tide-Water Co. v. Coster, 18 N. J. Eq. 518; People v. Hepler, 240 Ill. 196. Moreover, the Act requires the creation of a debt in excess of public taxes; Noble v. Yancey, (Ore.) 241 Pac. 335; and a lien against all property in the district until paid, it would be invalid without a vote of the people as provided by Article 16, Section 4 of the Constitution, since the district is a sub-division of a county; Dist. v. Higbee, (Tex.) 149 S. W. 381; it is a special law; Earle v. Board, 55 Calif. 489; and prohibited by Article 4, Section 25 of the Constitution; People v. County, 26 Mich. 22. Bonds issued under the Act are general obligations of the district; Norris v. Dist., supra, Am. Falls Dist. v. Thrall, 39 Idaho 105 and Clancey v. Dist., supra. The Act is void because it is in conflict with Article 15, Section 13 of the Constitution.

*C. A. Zaring* and *W. L. Walls,* for defendants.

Chapter 75, C. S. 1920, enacted at a special session of the Legislature in 1920, superseded the former irrigation district law enacted in 1913 and, with certain amendments made by Chapters 14, 90 and 91 of the laws of 1923 and Chapters 52 and 53 of the laws of 1925, comprises our present law, authorizing the creation of irrigation districts. The Greybull Valley Irrigation District was organized in 1921, under the Act of 1920, and embraces about 55,000 acres of irrigable land in the Greybull Valley. An assessment was levied in 1925 against all of the irrigable lands in the district for current expenses of that year, and plaintiff's lands were included in said assessment. Irrigation districts are public or quasi public

corporations; Day v. Buckeye Dist., (Ariz.) 237 Pac. 636;
Turlock Dist. v. White, (Calif.) 198 Pac. 1060, and cases
cited; Pioneer Dist. v. Walker, (Idaho) 119 Pac. 304; a
Nevada case reported in 195 Pac. 327; City v. Nampa,
(Idaho) 115 Pac. 979; Little Willow Dist. v. Haines,
(Idaho) 133 Pac. 905; Board v. Peterson, (Wash.) 29 Pac.
995; Thaanum v. Dist., (Mont.) 232 Pac. 528; O'Neil v.
Dist., (Mont.) 121 Pac. 282; 3 Kinney Irr., 3rd Ed. p. 25,
27; Weil, 1255. In the essential provisions for assess-
ments, irrigation district laws resemble drainage district
laws and authorities relating to either are followed inter-
changeably; Board v. Tregea, (Calif.) 26 Pac. 237; Bill-
ings Co. v. Fish, (Mont.) 106 Pac. 565; drainage assess-
ments are not taxes; Munn v. Board, (Ia.) 141 N. W. 711;
Jackson v. Brerland, (S. C.) 88 S. E. 128; Elliott v. Mc-
Crea, (Idaho) 130 Pac. 785. Constitutional limitations,
as to taxes and public indebtedness, have no application
to local improvements; Hager v. County, 47 Calif. 222;
Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112, 37 Cyc. 731;
Crib v. Benedict, (Ark.) 44 S. W. 707; Almand v. Pate,
(Ga.) 85 S. E. 909; Linn v. Co., (Minn.) 82 N. W. 1094;
Board v. Collins, (Nebr.) 64 N. W. 1086; Mound City v.
Miller, 60 L. R. A. 190. This court has decided that the
drainage district Act does not conflict with Article 1, Sec-
tion 33 of the Constitution; re: District, 24 Wyoming 161.
These districts are not subdivisions of the county within
the meaning of the Constitution; 3 Kinney, 2528; 19 C. J.
719, and cases cited. The principle of the assessment is
local improvements and is well supported by authorities;
Turlock Dist. v. William, (Calif.) 18 Pac. 379; McGarvey
v. Swan, 17 Wyo. 120; State v. Snyder, 29 Wyo. 163; 37
Cyc. 328. Additional assessments may be made; Chap.
52, Laws 1925; Chap. 14, Sec. 5, Laws 1923; Sec. 979 C. S.
Irrigation district laws have been upheld in a number of
states and declared to be free from the objections urged
in this case. The Fallbrook case is a conspicuous example
because of the eminent counsel that participated; Fall-

brook Dist. v. Bradley, 164 U. S. 112; See also State v. Board, 60 L. R. A. 161; in re: Bench Canal Dist., 24 Wyo. 160. It is submitted that the Act in question is valid.

### STATEMENT OF FACTS

Plaintiff, E. J. Sullivan, brings this action on behalf of himself and others similarly situated, against Lou Blakesley, County Treasurer of Big Horn County, and the Commissioners of the Greybull Valley Irrigation District. The petition alleges the due organization of said irrigation district under the laws of this state; that an assessment against the lands in said district was made in 1925, to meet the expenses of the district for the current year; that plaintiff is the owner of lands affected by such assessment, and that the county treasurer of said county threatens to sell such land for the non-payment of such assessment; that the commissioners of said irrigation district threaten to issue and sell the bonds of said district, said bonds to be paid by assessments levied against the property of plaintiff and others similarly situated; that the irrigation district law of this state is unconstitutional for various specified reasons, and plaintiff accordingly seeks an injunction against the collection of said tax and the issuance of the bonds aforesaid. The case comes to this court upon reserved constitutional questions, and we are asked to answer whether or not the irrigation district law of this state is in conflict with the following provisions of the constitution of this state, namely:

(1) Section 37, Article 3, reading as follows:

"The legislature shall not delegate to any special commissioner, private corporation or association, any power to make, supervise or interfere with any municipal improvements, moneys, property or effects, whether held in trust or otherwise, to levy taxes, or to perform any municipal functions whatever."

(2) Section 2, Article 13, reading as follows:

"No municipal corporation shall be organized without the consent of the majority of the electors residing within the district proposed to be so incorporated, such consent to be ascertained in the manner and under such regulations as may be prescribed by law."

(3) Section 11, Article 15, reading as follows:

"All property, except as in this constitution otherwise provided, shall be uniformly assessed for taxation, and the legislature shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal."

(4) Section 28, Article 1, reading as follows:
"No tax shall be imposed without the consent of the people or their authorized representatives. All taxation shall be equal and uniform."

(5) Section 2, Article 16, reading as follows:

"No debt in excess of the taxes for the current year, shall in any manner be created in the state of Wyoming, unless the proposition to create such debt shall have been submitted to a vote of the people and by them approved; except to suppress insurrection or to provide for the public defense."

(6) Section 4, Article 16, reading as follows:

"No debt in excess of the taxes for the current year shall, in any manner, be created by any county or subdivision thereof, or any city, town or village, or any subdivision thereof in the state of Wyoming, unless the proposition to create such debt shall have been submitted to a vote of the people thereof and by them approved."

(7) Section 27, Article 3, reading as follows:

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say; * * * for the assessment or collection of taxes. * * * In all other cases where a general law can be made applicable no special law shall be enacted."

(8) Section 33, Article 1, reading as follows:

"Private property shall not be taken or damaged for public or private use without just compensation."

(9) Section 13, Article 15, reading as follows:

"No tax shall be levied, except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

The irrigation district law referred to is contained in chapter 75, W. C. S. 1920, being sections 951 to 956 inclusive, first passed by the legislature of this state in 1920. Some amendments to this law were made in 1921, as shown by chapters 54 and 121 of the Session Laws of that year, and in 1923, as shown by chapters 14 and 91 of the Session Laws of that year, and in 1925, as shown by chapters 52 and 53 of the Session Laws of that year. For the purposes of this case, it will be sufficient to state the following provisions of the law: A certain number of owners or holders of land in the district may sign and present to the district court a petition, stating therein the name of the proposed district, the necessity of the proposed work, the object and purpose thereof, a general description of the lands proposed to be included in the district, the names of the free-holders owning lands therein, and a prayer for the organization of the district. A preliminary engineering report on the feasibility of the project must accompany the petition. Section 951, W. C.

S. 1920. The court or the judge thereof must cause notice to be given of the presentation of the petition, fixing the date for the hearing thereon. Sections 953 to 955. Upon the hearing, the district court may approve and confirm the petition, define the boundaries of the district and establish it as a corporation by the name proposed with powers to sue and be sued, adopt a corporate seal, have perpetual succession, exercise the power of eminent domain, and generally carry out the purposes of the organization. Section 960, as amended by c. 53, Sess. L. 1925. Commissioners are appointed by the court, who are required to organize, who constitute the corporate authority of the district, who are declared to be public officers, and for whom successors are provided by election. Sections 987 and 960, 963, 992, as amended. Other lands may subsequently be included in the district, and lands originally embraced therein may be excluded therefrom. Section 964, as amended, and section 966. Immediately after the organization of the district, the commissioners thereof are required to cause surveys, a map, plans and specifications to be made of the proposed work, and determine, as near as may be, the cost of said work. They must assess against the lands embraced within the district the total amounts of benefits, such benefits to constitute the basis of all assessments; apportion and assess the cost of construction, with certain exceptions which need not be noted here, against the several benefited tracts in the irrigation district, in proportion to the benefits which have been assessed against the same, and apportion the water right, expected to be acquired by the proposed work, to each tract of land assessed. A report of such action must be made to the court. Section 964, as amended. Notice of the hearing thereon must be given to all parties interested. Upon such hearing, the court may confirm the report of the commissioners and the assessments made as aforesaid, which assessments may be made payable in installments, as fixed by the court. Sections 967, 970, and sec-

tion 973, as amended.   Additional assessments may be
made subsequently, to be confirmed by the court upon
due notice given to the interested parties.   Section 979,
as amended by chapter 14, Sess. L. 1923.   The assess-
ments become a lien upon the various tracts assessed and
may be enforced in the same manner as a judgment, or
may be assessed and collected as taxes.   Sections 977,
985, and sec. 975, as amended, and sec. 976, as amended.
The commissioners may borrow money and issue the bonds
of the district therefor, and such bonds are declared to
be a lien upon the assessments for the repayment of the
principal and interest thereof.   Section 981, as amended
by chapter 14, Sess. L. 1923.   More specific provisions as
to some of these matters will be set forth in the opinion.

OPINION

BLUME, Justice (after making the foregoing statement
of facts) :

1. An irrigation district, reclaiming, as it does, desert
lands in the state, and accordingly conferring a benefit
not alone upon the private individuals within the district,
but also upon the people of the state as a whole, is a pub-
lic, rather than a private corporation.   Kinney on Irriga-
tion and Water Rights, (2nd ed.) sec. 1404; 40 Cyc. 817.
The duty, and the right to determine the propriety of hav-
ing such districts established, rests with the legislature
under its general powers to provide for the welfare of the
state.   It might, in the absence of constitutional limita-
tion, establish districts of this character by direct action,
but by virtue of the requirement of the constitution that
special legislation shall not be enacted where a general
law may be made applicable, it must create such districts
by general, rather than special laws.   There can be no
doubt that the irrigation district law of this state, referred
to in the statement of facts, is a general, rather than a
special law.   Such districts have at times been designated
as municipal corporations, and they might be such within

the meaning of laws or constitutional provisions not now under consideration, but it is clear that they are not municipal corporations as generally understood. They are merely special state organizations for state purposes with limited powers, created to perform certain work which the policy of the state requires or permits to be done and to which the state has given a certain degree of discretion in reclaiming desert lands. In re Bonds of Orosi Public Utility District, (Cal. Sup.) 235 Pac. 1004; Thaanum v. Irrigation District, 72 (Mont.) 221, 232 Pac. 528; People v. Sacramento Drainage District, 155 Cal. 373, 382; 103 Pac. 207; Reclamation District etc. v. County of Sacramento 134 Cal. 477, 66 Pac. 668. Nor are they subdivisions of any city, town, village or county in the state. Thaanum v. Irrigation District, supra. Hence our constitutional provision that no municipal corporation shall be organized without the consent of the electors therein does not apply. There is no special constitutional limitation that we know of, limiting the mode or method of the establishment of such districts, provided that it is done under a general law. It may be left to a board or commission, or the court. The legislature has seen fit to cause such districts to be created upon petition of a certain number of people owning or holding lands therein, and upon a hearing, after due notice, upon such petition by the district court. The method of thus establishing the districts is, we think, constitutional. Houck v. Drainage District, 239 U. S. 254, 36 Sup. Ct. 58; 60 L. Ed. 266; In re Bonds of Orosi Public Utility District, supra; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56; 41 L. Ed. 369; O'Neal v. Irrigation District, 44 Mont. 492, 121 Pac. 283, 19 C. J. 615. The functions of the districts are, under the law, performed by the properly constituted authorities thereof. The power to make improvements or to levy taxes therein is not in any way delegated, but is exercised by the districts themselves, through their own proper officials, except only

that the proper counties and proper county treasurers perform ministerial duties in aid of the levy and collection of taxes and assessments. And even though irrigation districts should be held to be within the contemplation of section 37 of article 3 of the constitution, there is no delegation, we think, to any special commissioner, private corporation or association of any of the powers contemplated in that section. The exactions authorized to be made by such districts may, in a broad sense, be termed taxes, but they are distinguishable therefrom, for they are levied for local benefits to be spread on the property in the districts in proportion to the peculiar advantages accruing to each parcel therein from the improvement made. Whether in the form of special assessments or in the form of taxes, they are essentially assessments for local benefits and not levied for general governmental purposes, as are the taxes contemplated in the constitutional provisions mentioned and referred to in the statement of facts. 37 Cyc. 711, Thaanum v. Irrigation District, supra; In re Valley Center-Drain District, (Mont.) 211 Pac. 219, and cases cited; Madsen v. Irrigation District, 65 (Utah) 571, 239 Pac. 781; Nelson v. Board of Commissioners, 62 (Utah) 218, 218 Pac. 952; In re Bonds of Orosi Public Utility District, supra. The law on the matters above mentioned is so well settled that we need not elaborate thereon any further, and we answer that the irrigation district law of this state is not in violation of the first seven constitutional provisions set out in the statement of facts.

2. We come then to the consideration as to whether or not the legislation in question is in violation of section 13, article 15, of the constitution, which provides that no tax shall be levied except in pursuance of law and that each law imposing a tax shall state distinctly the *object* of the same, to which only it shall be applied. It is argued that it cannot be determined from the law, whether the *object* of the tax authorized thereby is to create a special

tax lien against each parcel of property in the irrigation district, or a general tax lien against the entire property in the district, and whether or not the bonds authorized to be issued by the districts are general lien obligations. of the district, and that hence, the law is in violation of the foregoing constitutional provision. The argument is far afield. Assuming, without deciding, that the section of the constitution just mentioned refers to assessments made in an irrigation district, there can be no question that a law authorizing them exists, and that such law specifically states the *object* of the tax, namely to pay for the construction of irrigation works and to pay the current expenses of the district. Counsel merely argue, not on the *object* of the tax, but on the *effect* and *extent* thereof. We might accordingly very well pass this subject without anything further; but inasmuch as we are also asked whether the irrigation district law is in violation of section 33, article 1, that "private property shall not be taken or damaged for public or private use without just compensation," and inasmuch as a complete answer perhaps involves the subject matter referred to by counsel, we shall discuss it somewhat at length. The interpretation of the section of the constitution just mentioned has been referred to us evidently on the theory that it does not relate exclusively to matters of eminent domain, but is involved in matters of special assessments. As to whether that is true or not is treated at length by Page and Jones on Taxation by Assessment, in sections 102, 109-113. We shall not enter into a consideration of that phase of the subject, but shall, for the purposes of this case, assume that the section is applicable here. It has been held in Norris v. Montzuma Valley Irrigation District, 248 Fed. 369; 160 C. C. A. 379; American Falls Reservoir District v. Thrall, 39 Idaho 105, 228 Pac. 236; Clancey v. Irrigation District, 121 Wash. 86, 208 Pac. 27; and Noble v. Yancey, (Ore.) 241 Pac. 335, that bonds issued by an irrigation district constitute a general lien obligation of

the district. The contrary has been held in the case of Interstate Trust Company v. Montzuma, 66 Colo. 214, 181 Pac. 123, and Nelson v. Board, 62 (Utah) 218, 218 Pac. 952. And the Supreme Court of Colorado in the case just cited holds that to consider such bonds as general lien obligations of the district would be violative of both state and federal constitutions, presumably because of taking property without due process of law or taking property without just compensation. A like view is expressed in the minority opinion in Norris v. Montzuma Valley Irrigation District, supra. The difference in opinion as to the character of such bonds may, to some extent at least, be accounted for by the difference in the laws of the several states, and in order to arrive at the proper conclusion herein, it will be necessary to consider the laws of this state that bear upon the point in question.

Section 981, W. C. S. 1920, as amended by chapter 14 of the Sess. L. of 1923, provides that the bonds to be issued by the district shall be bonds transferable by delivery to the same extent as negotiable paper of the highest character, and that they shall constitute a lien upon the assessments for the repayment of the principal and interest. Section 973, W. C. S. 1920, as amended by c. 52, Sess. L. of 1925, provides that the assessments for construction may be paid at any time within thirty days after the confirmation thereof by the court, and that such payment shall relieve the lands, assessed respectively, from the lien thereof. There are, however, provisions for additional assessments. Section 971, W. C. S. 1920, contemplates supplemental reports of the commissioners and a hearing thereon after due notice. That section reads as follows:

"Said order of confirmation may, at the same or at any subsequent term of said court be revised, modified or changed, in whole or in part, on petition of the commissioners, after such notice as the court may require to parties interested. At any time prior to making the order confirming said report or thereafter, the court may per-

mit the commissioners to present and file a supplemental report; or amend their report, as to any matter which, pursuant to the provisions hereof, was or might have been included in the original report presented by them, and after reasonable notice given to all parties interested, in such manner as the court shall direct, the court may, upon the hearing in said matter make such order as the case may require.''

In any event, section 979, W. C. S. 1920, as amended by c. 14, Sess. L. 1923, specifically provides for additional assessments. The section, as so amended, reads as follows:

''If any assessment for construction, operation, maintenance or repair that the commissioners shall have reported to the Court is a smaller sum than is needed to carry out the purpose for which said assessment has been made, or if in any year an additional sum is necessary to pay the principal or interest on lawful indebtedness of the said irrigation district, further or additional assessments on the lands and persons benefited shall be made by the commissioners of said irrigation district under the order of the Court, or presiding judge thereof, upon such notice as the Court may direct, which further or additional assessment may be made payable in installments as specified herein, and shall be treated and collected in the same manner as the original assessments confirmed by the Court in said irrigation district.''

Section 973, W. C. S. 1920, amended as above stated, however, limits the total assessments that may be made, as follows:

''All assessments provided for by chapter 75, Wyoming Compiled Statutes 1920, and acts amendatory thereto and supplemental thereof, together with all interest thereon and all penalties for default in payment of same and all costs of collecting the same, shall, from the date of the

order of the court confirming such assessments until paid, constitute a perpetual lien in an amount *not in excess of the benefits severally assessed*, upon all the land and other property against which such assessments shall be levied.''

Section 2, chapter 14, Sess. L. 1923, provides for a report by the commissioners of the irrigation district to the court, showing an estimate of the current expense necessary for the year, and for the hearing by the court on such report. And the section further provides that:

''The commissioners shall add thereto such amount as may be necessary to meet the principal and interest on lawful indebtedness of the district maturing during the current year, together with the sum which in their judgment shall be sufficient to provide for possible delinquencies.''

Section 975, W. C. S. 1920, as amended by chapter 14, Sess. L. 1923, provides for an assessment roll of the irrigation district on or before the first Monday in August in each year, which must contain the name of the owners, if known, together with a description of each tract of land in the district, the aggregate assessments of benefits confirmed by the court against the same, and the amount assessed against each tract of land for the current expenses—

''and to meet the principal and interest on the indebtedness of the district for the current year. All such assessments shall be apportioned on the aggregate assessment of the benefits last confirmed by the court.''

We do not think, as contended by counsel, that these provisions leave in doubt the character or extent of the lien of the various assessments. The bonds, provided for by the statute, constitute a lien upon the *assessments*, and are in that respect somewhat dissimilar from the bonds

discussed in the Washington, Oregon and Idaho cases heretofore cited. The provisions made for the assessments, however, make such bonds, in a limited sense, similar in character to those discussed in these cases. The legislature evidently intended to make the assessments a general lien against all of the assessed property in the district, within the limitation heretofore and hereafter mentioned, since it has provided for the levy in each year of an amount sufficient to meet the principal and interest that may fall due during that year, to be apportioned to all the lands to which benefits are assessed, just as payments of principal and interest are met on general municipal bonds. But there is a limitation. The assessments cannot be in excess of the benefits assessed against the several parcels of land in the district. The objection, accordingly, urged by the Colorado Supreme Court in the case of Interstate Trust Company v. Montzuma Valley Irrigation District, supra, does not, we think, hold good under the laws of this state, even if it were true that the principle there stated would apply in the absence of such limiting provisions of the statute. Made, as the assessments are, because and on the theory that they equal the amount of the benefits, they do not constitute a taking of property without due process of law or without just compensation, in the case of irrigation districts, any more than under a like situation in the case of municipal improvements generally, and it is well settled that in the latter case there is no violation of constitutional provisions in that regard. 28 Cyc 1104. It was held in Re Drainage District, 24 Wyo. 143, 161, 156 P. 610 that assessments made for the purpose of constructing drains are not in violation of section 33 article 1, of our constitution. Assessments made in drainage districts are similar in kind to assessments in irrigation districts. They are all based upon the same underlying principle. Fallbrook Irrigation District v. Bradley, supra; Board of Directors v. Tregea, 88 Cal. 334, 26 Pac. 236. It may, possibly, hap-

pen, as suggested, that the benefits assessed to all or part of the lands within the irrigation district, by reason of the construction of improvements; may become exhausted before the full amount of the cost of such improvement is paid. But it is not shown that such contingency will arise, and we are not called upon to anticipate it, any more than we are called upon to anticipate that the total cost of making the improvements might happen to be greater than the total amount of the benefits. Butters v. City of Oakland, 263 U. S. 162; 44 S. Ct. 62, 68 L. Ed. 228; Martin v. District of Columbia, 205 U. S. 135; 27 S. Ct. 440, 51 L. Ed. 743; Louisville & Nashville R. R. Co. v. Barber, 197 U. S. 430, 25 S. Ct. 466; 49 L. Ed. 819. We answer, accordingly, that the irrigation district law of this state is not in conflict with either of the two constitutional provisions last herein discussed.

3. On May 23, 1926, the commissioners of the said irrigation district filed in the district court a petition for an order to change the name of said district from that of Greybull Valley Irrigation District to that of "Big Horn Basin Water-Conservation District," alleging that it would be advantageous in the sale of the bonds of said district to make such a change, and asking that such change be made, after due notice and hearing on the application. Notice of the hearing on said application was duly published for two successive issues in the Basin Republic, a newspaper printed in Basin, in Big Horn county, Wyoming, and in the Meeteetse News, published in Meeteetse, in Park county, Wyoming. The plaintiff herein appeared in that proceeding and filed objections to the change of said name, again alleging the unconstitutionality of the irrigation district law of this state, and objecting to the change of the name because it would be a step in the furtherance of the issuance of the bonds of said irrigation district. On the date set for the hearing, namely May 24, 1926, the application aforesaid was consolidated with the present case and was certified to this

court for its opinion as to whether or not the change of name is permissible. No constitutional question is, we think, involved in that application. That is as far as we can answer the inquiry. We cannot, in this case, express our opinion as to whether or not the change may validly be made under the laws of this state, or whether it is proper, otherwise, that it should be made

POTTER, C. J., and KIMBALL, J., concur.