# In Re LOVELOCK IRRIGATION DISTRICT
## Appeal of WESTFALL

No. 2861

January 21, 1929.                    273 P. 983.

*John A. Jurgenson,* for Appellant:

*Cooke & Stoddard* and *H. J. Murrish,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

The Lovelock irrigation district was organized March 1, 1926, pursuant to the Nevada irrigation district act (Stats. 1919, p. 84, as amended). At a special election held on December 18, 1926, bonds in the sum of $1,287,000 were authorized by a vote of 59 in favor to 1 against. On July 12, 1928, the irrigation district filed in the district court its petition, praying for the confirmation of its proceedings authorizing the issuance of bonds in the sum mentioned, for confirmation of its contract for a sale of a portion of its bonds, for confirmation of its contract for a construction of a dam and control works, for a confirmation of its acts and proceedings in denying certain petitions for exclusion of land from said district, for confirmation of the benefits as apportioned by said irrigation district, and for confirmation of all of its acts and proceedings had and taken in connection with the foregoing matters.

It is first contended that the irrigation act is special in its nature and violates sections 20 and 21 of article 4 of our state constitution. This question was decided adversely to the contention here made, in In Re

Walker River Irrigation District, 44 Nev. 321, 195 P. 327, and on authority of that decision we hold that the contention is without merit. In Re Sutter-Butte By-Pass Assessment No. 6, 191 Cal. 650, 218 P. 27. Upon authority of the Walker River Case we hold that the contention that the act is in violation of the Fourteenth Amendment to the Constitution of the United States is groundless. In the case cited, and in McLean v. Truckee-Carson Irrigation District, 49 Nev. 278, 245 P. 285, various authorities were cited, sustaining the constitutionality of similar statutes, in addition to which we call attention to Lundberg v. Green River Irr. Dist. (Utah), 119 P. 1039; In Re Auxiliary Eastern Canal Irr. Dist., 24 Ariz. 163, 207 P. 614; Board of Directors v. Collin, 46 Neb. 411, 64 N. W. 1086; People v. Cardiff Irr. Dist., 51 Cal. App. 307, 197 P. 388.

Counsel for appellant urges the unconstitutionality of the act in question, upon grounds not heretofore considered. He says: "The Nevada irrigation district act is in conflict with the Fourteenth Amendment to the Constitution of the United States, by authorizing the levy of taxes without limitation and in excess of benefits conferred. Each tract of land must be assessed in proportion to the actual enhancement of its value by reason of the improvements, and it is universally conceded that a statute which does not direct the use of this method is invalid. In addition, no statute can legally assess the property of one landowner to cover deficiency incurred by reason of the nonpayment of taxes on other property"—citing Interstate Trust Co. v. Montezuma Valley Irrigation District, 66 Colo. 219, 181 P. 123; Nelson v. Board of Commissioners of Davis County, 62 Utah, 218, 218 P. 952; Sullivan v. Blakesly, 35 Wyo. 73, 246 P. 919; In Re Walker River Irrigation District, 44 Nev. 321, 195 P. 327. In view of the fact that this is all that counsel says in this connection, we would be justified in assuming that he has but little faith in the position taken; however, we must dispose of his contentions.

■ As we understand from the language quoted, counsel raised two points, namely: (1) That the statute authorizes the levying of taxes without limitation and in excess of benefits conferred; and (2) that the statute illegally authorizes the assessing of the property of one landowner to cover a deficiency which may be incurred by reason of the nonpayment of taxes due on other property. The provision of the act (Stats. 1919, p. 84, c. 64) authorizing the levying of assessments provides as follows:

"Sec. 17. Whenever the electors shall have authorized an issue of bonds, as hereinbefore provided, the board of directors shall examine each tract or legal subdivision of land in the district, and shall determine the benefits which will accrue to each of such tracts or subdivisions from the construction or purchase of the works proposed for the district; and the costs of such works shall be apportioned or distributed over such tracts or subdivisions of land in proportion to such benefits.  *  *  *  Whenever thereafter an assessment is made, either in lieu of bonds, or an annual assessment for raising the interest on bonds, or any portion of the principal, or the expenses of maintaining the property of the district, or any special assessment voted by the electors, it shall be spread upon the lands in the same proportion as the assessments of benefits, and the whole amount of the assessments of benefits shall equal the amount of bonds or other obligations authorized at the election last above mentioned.  *  *  * "

Since it is not pointed out by counsel wherein the irrigation law authorizes the levying of taxes without limitation and in excess of benefits conferred, it can hardly be expected that we will find it necessary to devote much time to answering this contention. We may observe, however, that section 17 of the act provides that assessments and levies shall be distributed over the land within a district in proportion to benefits to be received. This fixes the basis of taxation and limits it to benefits. Every court in the land which has been called upon to decide the question upholds such

a legislative act. The lower court found that the assessments levied would not exceed the benefits which would be received. There is no merit in the point made.

■ We come now to the other contention, embraced in the quotation from appellants' brief — that the statute illegally authorizes the assessing of the property of one landowner to cover a deficiency which may be incurred by reason of the nonpayment of assessments due on other property. The section of the law applicable to this situation is section 27, as amended by Stats. 1925, p. 207, c. 127, sec. 4, which reads:

" * * * Said board may levy a tax upon the lands in the district either upon the same pro rata basis as benefits may have been apportioned, or otherwise, as the case may be, in order to secure such funds as may be deemed necessary to replace any deficit that may occur in a fund created for the repayment of a district obligation by reason of tax delinquencies. * * * "

■ Every other court in the Union which has had this question before it under a similar statute has taken a contrary view to that taken by the Colorado court, and even the circuit court of appeals in Norris v. Montezuma Valley Irr. Dist., 248 F. 369, 160 C. C. A. 379, in construing the Colorado statute, took a view contrary to that taken by the Colorado court. Of course, the supreme court of Colorado, in passing upon the statutes of its state, on other than federal questions, is the final authority.

■■ The Lovelock irrigation district, pursuant to the irrigation district act, was created for a public purpose, and it was an exercise of legislative discretion which authorized its creation, and this act must be held constitutional and valid, unless it is in conflict with some constitutional provision, state or federal. The levying of taxes for public improvements—state, municipal, and otherwise—has been encouraged and held legal for so long a time that the public mind is now thoroughly wedded to the idea. Even as far back as the time of Henry VIII, Parliament adopted a broad, comprehensive act authorizing the drainage of swamp land and kindred

progressive and constructive public work (St. 23 Henry VIII, c. 5, par. 1 [1531]), and some of the states have authorized such public works at their own expense and under their direction, and all such acts, unless clearly in conflict with constitutional inhibition, have been upheld. What the state can do directly in such matters it may delegate to a local organization. If the act is constitutional, then all that is done in compliance with its terms is legal, and only that which is done in violation of its terms is void. As we have pointed out, our attention is not directed to any section of either the state or federal Constitution of which it is violative.

We do not think it incumbent upon us or proper that we should go into a critical analysis of the Colorado case to show that it is wrong in principle. There is ample authority to rest our conclusion upon to the effect that the proceedings had in this matter are legal. We think the opinion in State ex rel. Clancy et al. v. Columbia Irr. Dist., 121 Wash. 79, 208 P. 27, conclusively answers the contention made on this appeal. But that court does not stand alone in its view. The supreme court of Montana, in Cosman v. Chestnut Valley Irr. Dist., 74 Mont. 111, 238 P. 879, 40 A. L. R. 1344, took the same position. See, also, Noble v. Yancey, 116 Or. 356, 241 P. 335, 42 A. L. R. 1178; Rialto Irr. Dist. v. Stowell (C. C. A.), 246 F. 294.

■ The next point urged is that the act is unconstitutional, in that it gives priority to assessments which may be levied by the district to pay its obligations over prior mortgages and other contractual liens. There is no merit in this contention. The well-recognized rule is stated in 27 Ency. Law (2d ed.), p. 741: "It is within the constitutional power of the legislature to make the tax a lien superior to any of the other security, incumbrance, or lien arising either before or after the assessment of the tax." A long list of cases is cited in support of the text. See, also, 37 Cyc. 1143.

It is next contended that the judgment and decree of the lower court, holding that the contract between the irrigation district and Jasper-Stacey Company is illegal,

for the reason that it constitutes an attempt to sell the bonds of the district in a manner not authorized by law. We think there is no foundation for this contention. Section 21 of the irrigation district act provides the manner in which the sale may be made. The findings of the court show that the bonds were sold in compliance with the terms of the act, and the evidence supports the findings.

It is next contended that the judgment and decree appealed from is erroneous, for the reason that the contract provides that the bonds may be made payable in New York. There is nothing to this contention. Section 16 of the irrigation district act provides that the principal and interest on the bonds shall be payable "at the place designated therein." This is not in conflict with any constitutional provision, and the contract, being in accord with the terms of the statute, is valid.

For the reasons given, it is ordered that the judgment and decree be affirmed.