## ELLIOTT vs. OSBORNE et al.

A motion for a new trial in the district court, must be made within four days after rendition of the judgment.

An injunction order is inoperative, until the undertaking required by the statute be given.

A party against whom an injunction has been issued, is not bound to obey it, until after due service thereof on him. Giving him *verbal* notice that an order enjoining him has been made, is not sufficient.

An injunction order and the due service thereof on the party enjoined, do not operate to enlarge the time within which an act is required to be done by the party procuring the order.

IT *seems*, if a party be in court at the time an injunction order is made, and thus has personal knowledge of the order, that he would be bound thereby. *Per* BENNETT, J.

APPEAL from the district court of the district of San Francisco. The facts are stated in the opinion of the court.

*Allen T. Wilson*, for plaintiff.

*Mr. McHenry*, for defendants.

*By the Court*, BENNETT, J. The papers in this cause were destroyed by the late fire, and we must rely upon our recollection of the facts, as presented on the argument. They were in substance as follows: A judgment was recovered against the defendants in the district court, and a motion for a new trial was made in the cause some thirty days after the rendition of the judgment. The court denied the motion, and from the order of the court refusing to grant a new trial this appeal is taken.

It is provided by section 252 of the Practice Act, that a party who feels himself aggrieved by a judgment against him, may, within four judicial days after such judgment has been rendered, pray for a new trial, which must be granted, if there be good ground for the same. According to this section a motion for a new trial must be made within four days after judg-

Elliott *v.* Osborne.

ment; the motion in this case was not made within that time, and was therefore properly refused for that reason, unless there be circumstances which take the case out of the general rule.

It is claimed by the appellants that such circumstances did exist. An order for an injunction was made in another suit, between other parties, for the purpose of enjoining the proceedings of the plaintiff in the present suit. This order of injunction was not *served* before or at the time of the trial, nor until three days after the judgment became final; but before the judgment became final, one of the defendants' attorneys informed the plaintiff's attorney, that such order had been made. But it appears that, at the time such information was given, no written undertaking had been given on the part of the plaintiff in the injunction suit; and we apprehend that an order for an injunction must be deemed inoperative until such undertaking be given; otherwise the party enjoined would have no security for any damages which he might sustain by reason of the injunction. (*Sec.* 120 *of Practice Act.*) But we think that giving information of an order of injunction, is insufficient to affect the party to whom it is given. If a party be in court at the time the order is made, and thus has personal knowledge of the order, the case might be different. There he would probably be bound by the order, even without service thereof upon him. But we do not think that the information given to the plaintiff's attorney in this case, can be considered as restraining either him or his client from the prosecution of the suit. The injunction order, therefore, must be deemed as of no effect until the service thereof, which was not until three days after the rendering of final judgment.

The only remaining question, then, is, whether the service of the injunction one day before the expiration of the time allowed for moving for a new trial, can be considered as staying the running of the time. If so, the motion for a new trial, made some thirty days after final judgment, was in time; if not, the motion was made too late. An injunction restrains the acts of the party, but it does not and cannot stay the running of time; the effect of it cannot be to postpone to a future day

Elliott *v.* Osborne.

the doing of a thing which is required to be done now by the party procuring the injunction. The conclusion results, that the motion for a new trial was made after the expiration of the time limited by the statute for making it, and was therefore properly denied by the court.

If we are not mistaken in the facts of the case, we think our conclusions correct. But owing to the loss of the papers furnished us on the argument, we may have been mistaken in some of the circumstances, and if the counsel for the appellants thinks that we have not correctly apprehended the substance of the material facts, we shall be ready to listen to a motion for a re-hearing, on being furnished with another copy of the return.

Judgment affirmed.

The counsel for the defendants, having procured a second return from the district court, applied for a re-hearing, on which application the following opinion was delivered by

BENNETT, J. Having examined the copy of the record which has been furnished us, we are of the opinion that our former decision was correct. The record shows that final judgment was rendered on the third day of February, and that on the same day an injunction was issued in another suit between different parties to stay the plaintiff's proceedings in this suit. The injunction was not served, as appears by the return of the sheriff, on the plaintiff until the tenth day of February.

On the seventh day of February the time expired for moving for a new trial, four days having elapsed since the judgment was rendered. The application for a new trial was not made until the 11th day of February, and no order had been procured extending the time limited by statute for making such motion. We held in our former opinion in this case, that the making of the injunction order, or even the service of it, could not operate to extend the time for making the motion for a new trial. The motion was, therefore, made too late, and after the court had lost the right under the statute to entertain it. This was the

principle upon which our former decision was based. We think it correct, and a re-hearing should therefore be denied.

Ordered accordingly.