## KELSEY v. TRUSTEES OF NEVADA.

WHERE the charter of the city of Nevada authorized the Trustees thereof to levy and collect annually a tax on all property in the city not exceeding one-half of one per cent., and the Legislature subsequently, in 1861, (Stat. 1861, 78) passed an act authorizing the Trustees, for the purpose of constructing a bridge within the city limits, in their discretion, to levy and collect a special tax, not exceeding five-eighths of one per cent. on the valuation of all taxable property within the city as fixed by the assessment roll of the city made by the City Assessor during the year 1860—the Trustees as a Board of Equalization to have power, on due notice, to add to or modify said roll: *Held*, that the act is constitutional; that it is a mere amendment to the city charter, and does not transfer legislative powers to the trustees; that the Legislature had the same power to amend the charter as to make it; the same power to increase the tax as to limit it; the same power to authorize this special tax as a general tax.

*Held, further,* that it is no objection to the act that the tax is to be apportioned according to the assessment roll of 1860; that our Constitution does not require annual assessments; and that property may be taxed for several years at a rate based upon a particular valuation.

*Held, further,* that if any individual injustice has been done, this is no objection to the whole law, but at most, would only entitle the party injured to relief.

*Held, further,* that it was not necessary that the ordinance levying the tax in this case should provide for adding to or modifying the assessment of 1860—the act itself having provided for the correction of the list.

*Held, further,* that if a party objects to the tax on the ground that notice was not given, as required by law, for the meeting of the Board of Equalization, he must show error in the assessed value of his property to his prejudice.

APPEAL from the Fourteenth District.

The facts appear in the opinion, except that plaintiff paid two hundred and fifty dollars—the amount of his tax under the Act of 1861—under protest, and now sues to recover it back. Judgment for defendants. Plaintiff appeals.

*McConnell & Garber,* for Appellant.

*D. Belden,* for Respondents.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Plaintiff seeks by this action, which is assumpsit, to test the validity of an Act of the Legislature passed in 1861, entitled "An Act to provide for the Construction of a Bridge in the City of Nevada." (Stat. 78.)

In 1856, the act incorporating the city of Nevada was passed, by which power was given, among other things, to levy and collect annually a tax on all property in the city, not exceeding one per cent. on the assessment valuation thereof. The act was amended in 1858, by an act limiting the tax to one-half of one per cent. By the Act of 1861, the Municipal Board are authorized and empowered, in their discretion, to levy and collect a special tax, not exceeding five-eighths of one per cent., for the construction of a bridge within the city limits; and it is provided that such tax shall be levied upon the valuation of city property as fixed by the assessment roll of the city made by the City Assessor during the year A. D. 1860.

By virtue of this act, the Board passed an ordinance—set forth in the record—levying a tax of five-eighths of one per cent. on all city property; to be apportioned and collected on the assessment of 1860.

The Statute of 1861, but not the ordinance, provided that the valuation as fixed by the roll of 1860 might be added to or modified by the Board of Trustees, sitting as a Board of Equalization, at a time and place of which due notice should be given.

The Board did sit for several days; the only notice of such sitting being a publication in the city newspaper.

Plaintiff did not attend, and no change was made in his assessment.

It is contended by the appellant, plaintiff below, that the Act of 1861 is unconstitutional, for the reason that it transfers legislative powers from the Legislature to this local board.

The learned and elaborate argument of the appellant's counsel merits attention chiefly as a manifestation of extraordinary ingenuity exhausted upon a question too plain to be either obscured or illustrated by it.

We regard this Act of 1861 as nothing more or less than an amendment of the charter of a municipal corporation; that the Legislature had the same power to amend as to make the charter; that it had the same power to increase the tax as to limit it; and the same power to authorize this special tax as to authorize the general tax; and that this is no transfer of legislative powers any more than every power given to a municipal corporation is such a transfer.   Many acts of a similar nature have been passed by the Legislature applicable to other cities and towns, and to hold them void would lead to great confusion, as so to hold would be unwarranted by principle or authority.   (See *Blanding* v. *Burr*, 13 Cal.)

The next objection is, that the act is void because the tax is apportioned according to the assessment roll of the previous year. We see nothing unconstitutional in this.   There is no constitutional requirement for annual assessments.   If the Legislature choose, we do not see why property should not be taxed for several years at a given rate shown by a particular estimate or valuation. This assessment is but a mode of reaching the value, etc.; and taxes can never be apportioned with exact uniformity or exact justice.   We cannot judicially know that property has varied in value since 1860 in Nevada, or that it has changed hands to any considerable extent. If individual injustice has been done, this is not an objection to the

whole law, but at most, would only entitle the particular party injured to relief. Besides, the act afforded means of correction of errors committed to the prejudice of the tax-payers.

As to the provision for the correction of the list, the Act of the Legislature was enough without the ordinance of the town.

As to the notice of the meeting of the Board of Equalization, if anything more was necessary than the publication, see *Cowell* v. *Doub* (12 Cal. 274).

Judgment affirmed.