The COURT:.

Section 3336 of the Civil Code is as follows: "The detriment caused by the wrongful conversion of personal property is presumed to be: 1. The value of the property at the time of the conversion, with interest from that time; or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party." * * *

The conversion in this case took place on the twenty-sixth day of March, 1879, and the action was brought on the twenty-third day of May; 1879. The only point made on the appeal is, that the action should have been brought at an earlier day. But we are of the opinion that there was reasonable diligence in bringing the action, within the meaning of the Code.

Judgment and order affirmed.

---

[No. 7,425.—Department Two.]
November 1, 1882.

WILLIAM H. CLARK *v.* CHARLES CLAYTON ET AL.

ACTION ON UNDERTAKING FOR INJUNCTION—NONSUIT—ACTION PREMATURELY BROUGHT.—Suit upon an undertaking given on the issuance of an injunction in the action of *Nichol* v. *Littlefield.* The undertaking, as required by Section 529, Code Civil Procedure, contained the condition that Nichol would pay, etc., if the Court finally decided that the plaintiff was not entitled to the injunction. On the coming on of the case for trial, and after some evidence had been introduced, but before any judgment was rendered, the Court, on motion of the defendant, the plaintiff making no opposition, dissolved the injunction, and thereupon, by consent of the parties, continued the case for the term. After the dissolution, and during the time the case was so continued, the present action was commenced on the undertaking. *Held:* The action was prematurely brought.

APPEAL by plaintiff from the judgment of the Superior Court of the City and County of San Francisco. EVANS, J.

Action upon an undertaking for injunction. The plaintiff's bill of exceptions shows the following facts: On the thirtieth day of January, 1872, an action was brought by

John Nichol against John W. Littlefield and others, in the Fifteenth District Court, to enjoin them from the commission of certain acts, and on the execution of the undertaking sued on in this action a preliminary injunction was granted. The undertaking obligated the defendants to pay to the parties enjoined such damages   *   *   *   if the said District Court finally decided that the plaintiff (Nichol) was not entitled thereto. Prior to the commencement of this action an assignment was made to the plaintiff herein, by Littlefield, of the undertaking, and all rights of action thereon. On February 24, 1876, the following proceedings were had and orders made in the action of *Nichol* v. *Littlefield:*

"This cause coming on in its order for trial—J. M. Sewell, Esq., appearing for the plaintiff, and B. S. Brooks, Esq., for defendants—and after hearing evidence, oral and documentary, the defendant's counsel moved the Court to dissolve the injunction heretofore issued herein; and plaintiff's counsel not opposing, the motion was granted. And it is ordered that the said injunction be and the same is hereby dissolved; and thereupon, by consent of counsel, the trial of this cause is continued for the term."

In the present action counsel for plaintiff admitted to the Court that the suit of *John Nichol* v. *John W. Littlefield et al.* had not been finally disposed of, but was still pending. The plaintiff then rested.

The counsel for defendant then moved that the plaintiff be nonsuited, and the cause dismissed, because the evidence introduced by plaintiff did not prove, or tend to prove, that the said District Court had finally decided that the said plaintiff in the said suit of *Nichol* v. *Littlefield et al.* was not entitled to the said injunction, and that said action in which said injunction issued was still pending and undetermined; and, after hearing counsel for plaintiff and defendants, the Court sustained the said motion and nonsuited the plaintiff, and ordered the cause to be dismissed; to which ruling and action of the said Court plaintiff duly excepted, and his exception was noted.

*B. S. Brooks*, for Appellant.

We do not question that ordinarily the plaintiff in a suit

upon an injunction undertaking must show a final judgment. But that is not the universal rule. The mere dissolution of the injunction upon special motion made upon answer or affidavits, where there is no opportunity to cross-examine witnesses or to introduce rebutting evidence, is not a final determination that the plaintiff was not entitled to his injunction. That is the condition of the undertaking, and, of course, it must be met. But when the case comes on for trial, and the plaintiff introduces his evidence, oral and documentary, and thereupon the defendants' counsel move that the injunction be dissolved, and the plaintiff's counsel does not oppose, but concedes the propriety of the motion, and the Court thereupon grants it, we submit, that in such a case, as the Supreme Court said in *Fowler* v. *Frisbie,* 37 Cal. 35, the evidence is sufficient to show *prima facie* that the Court had finally determined that question.

In the case cited, the Supreme Court says: " But as we construe the order it is *prima facie,* at least, an adjudication that there was no foundation for the injunction, and that it ought not to have issued. If the fact was otherwise, it was incumbent on the defendants to see that the order contained proper recitals showing that the injunction was dissolved for other reasons, or to have made the fact appear in proper method. Standing alone, and without explanation, the order was an adjudication that the injunction ought not to have issued." (See also *Dowling* v. *Polack,* 18 Cal. 625.)

A decree entered by consent of counsel is as binding upon the client as a decree entered after resistance. (*Holmes* v. *Rogers,* 13 Cal. 191; *Gregory* v. *Haynes,* 13 id. 591.) The order made by the Court dissolving the injunction, plaintiff's counsel consenting, is a bar to a renewal of the application, and renders the order conclusive and final. (*Merritt* v. *Campbell,* 47 id. 543.) After an injunction has been voluntarily dissolved, it can not be renewed without new and special reasons. (*Levingston* v. *Gibbons,* 5 Johns. Ch. 250.)

*Flournoy, Mhoon & Flournoy,* for Respondents.

Can the plaintiffs sue until the final determination of the case of *Nichol* v. *Littlefield?* We think he clearly can not. The undertaking is statutory, and the liability is only on

condition that "the Court finally decide that the plaintiff was not entitled thereto." (C. C. P., § 529.)

Now, was the interlocutory order made on the twenty-fourth of February, 1876, the final decision contemplated by the statute ? Was it indeed more final than that portion of the same order continuing the cause for the term ?

Is there anything extraordinary in the case at bar which takes it out of the rule so correctly stated by appellant's counsel ? If so, what is it ? He further says inferentially, that there are exceptions to the rule, and the case at bar is such an exception, and cites *Fowler* v. *Frisbie*, 37 Cal. 35, in which the order dissolving the injunction was made at the trial, and though no judgment was offered, there was no showing that the case was not finally decided. There is not even a distant analogy between the two cases. And further to show that the case at bar is an exception to the rule above stated, and is subject to the extraordinary conditions where a final judgment may be dispensed with, he cites *Dowling* v. *Polack*, 18 id. 626. In this last case, there was a judgment of dismissal of the case before the suit on the undertaking was brought, and the question was whether such judgment was a final decision as to the injunction. *Held:* "In effect, a dismissal is a final judgment in favor of the defendants." (Id. 629.)

Whatever reasons counsel may have given to sustain his claim that the case at bar is not within the rule stated by him, the only authorities he has cited on this point are the two cases, *Dowling* v. *Polack*, and *Fowler* v. *Frisbie*, in neither of which was the injunction suit pending at the time the action was brought on the undertaking.

The order was not a judgment, final or otherwise. (Freeman on Judgments, § 15.) But was merely an interlocutory order. (C. C. P., § 1003.) And subject, at any time before the case was finally disposed of, to be vacated or modified on motion. (*Templeton* v. *Twelfth Dist. Ct.*, 47 Cal. 70.)

To have given the plaintiff a right of action on this bond "the Court must decide that the plaintiff was not entitled to the order (injunction). This must be a final decision; that is, made at the termination of the case by a decree or judgment therein, or by the voluntary discontinuance of the suit."

(*Shearman* v. *N. Y. Central Mills,* 11 How. Pr. 269.) And this rule is quoted by the Court in *Dowling* v. *Polack,* 18 Cal. 628, of the opinion.

With all his acknowledged learning and industry, counsel has not cited a single case where an obligee in an injunction bond has been permitted to sue on the bond before the final termination of the suit in which the bond was given. He can not, in our opinion, find such a case, and for the obvious reason that the Court, although it had dissolved an injunction by an interlocutory order, might renew it, and make it perpetual in the final judgment in the case. (*Hicks* v. *Compton,* 18 Cal. 206; *Grinter* v. *Compton,* id. 210; *Bentley* v. *Joslin,* Hempst. 218; *Fanning* v. *Dunham,* 4 Johns. Ch. 36; S. C., 9 Am. Dec. 283; *James* v. *Downes,* 18 Ves. Jr. 522.)

An action on an undertaking given for an injunction, can not be maintained until the action in which the injunction issued is disposed of by a final decree or judgment. (2 High on Inj., § 1649; *Bemis* v. *Gannett,* 8 Neb. 236; *Gray* v. *Veirs,* 33 Md. 159; *Penny* v. *Holberg,* 53 Miss. 567; *Thompson* v. *McNair,* 64 N. C. 448; *White* v. *Clay's Ex'rs,* 7 Leigh., 68; *Anderson* v. *Coleman,* 56 Cal. 124, concurring opinion.)

The COURT:

In this cause we are of opinion that the action was prematurely brought, and the nonsuit was properly granted.

Judgment affirmed.

---

## A. BLACKMAN ET AL. *v.* P. MARSICANO ET AL.

MECHANIC'S LIEN—CLAIM OF LIEN.—The claim of lien in this case, in stating *the terms, time given, and conditions of the contract,* used the words "cash upon demand, in gold coin of the United States." *Held:* A substantial compliance with the requirements of the statute.

ID.— ID.— CASE DISTINGUISHED.—*Hooper* v. *Flood,* 54 Cal. 221, distinguished.

APPEAL from a judgment for the defendants, and an order denying a new trial, in the Superior Court of the City and County of San Francisco. CARY, J.