[Civ. No. 332. Second Appellate District.—March 29, 1907.]

## JESSE KNIGHT, Trustee, Respondent, v. EMILIE G. COHEN and WILLIAM COHEN, Appellants.

INJUNCTION—PRELIMINARY ORDER—PURPOSE—MERITS NOT INVOLVED.— A preliminary injunction is granted before a hearing on the merits has been had, and its purpose and sole object is to preserve the subject in controversy in its then existing condition, and, without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right

in controversy may be materially injured or endangered until a full and deliberate investigation of the case is afforded to the party. Cases are not tried on their merits on pleadings and affidavits.

ID.—CONTROVERTED RIGHT AS TO PIPE-LINE—DESTRUCTION OF RIGHT— DISCRETION.—Where the defendant admits the existence of a pipe-line used by plaintiff as a trustee for other owners of lands irrigated thereby, to be used by plaintiff on his own lands and those of other beneficiaries in trust for irrigation and domestic use, and the plaintiff asserts a user adverse to defendant for more than six years, and defendant claims that it existed under her license, which has been revoked, for the court to have allowed the destruction of the rights claimed by plaintiff preliminary to a hearing on the merits by regular trial in court would have been an abuse of discretion.

ID.—APPEAL—RESTRAINING ORDER—MERGER IN PRELIMINARY INJUNCTION.—It seems that an appeal will not lie from an order denying a motion to dissolve a restraining order, or from an order denying a motion to discharge the same. Upon the hearing of the order to show cause why a preliminary injunction should not be granted, the restraining order falls with a denial of the injunction, and is merged in it if granted.

APPEAL from orders of the Superior Court of Los Angeles County denying defendants' motions to dissolve a temporary restraining order, and to discharge said restraining order denying defendants' motion for an injunction *pendente lite,* and granting plaintiff a preliminary injunction *pendente lite.* W. P. James, Judge.

The facts are stated in the opinion of the court.

J. J. Scrivner, Alfred H. Cohen, and Lawler, Allen & Van Dyke, for Appellants.

Munson & Barclay, W. S. Wright, and Anderson & Anderson, for Respondent.

TAGGART, J.—An appeal from four orders relating to applications for provisional injunctions made by both plaintiff and defendants, to wit: 1. From an order denying defendants' motion to dissolve a temporary restraining order issued on plaintiff's *ex parte* application; 2. From an order denying defendants' motion to discharge said restraining order; 3. From an order denying defendants' application for an in-

junction *pendente lite;* and 4. From an order granting plaintiff a preliminary injunction *pendente lite.*

Plaintiff is the owner of certain lands lying in Snover canyon, immediately above and adjoining certain lands owned or claimed by defendants. In his verified complaint plaintiff alleges that he is the owner of and holds in trust for certain persons named said lands and a certain pipe-line used in conducting waters from his said lands over and across the lands of defendants to the farming neighborhood in and about La Canada, there to be used by plaintiff and other beneficiaries of said trust and to be sold for irrigating purposes and domestic uses to the farmers and ranchers of that place; and, that he has maintained said pipe-line across defendants' land, adversely to them, for more than six years. That plaintiff and the other parties for whom he holds said land, pipe-line, and water in trust, own orange groves in and about La Canada, and the use of said water is essential to the proper care and growth of said orange groves and the maturing of the fruits thereof. That defendants threaten to and will, if not restrained, cut said pipe-line and prevent the said waters from flowing through the same to the said orange groves, thus causing the destruction of the latter. On this verified complaint and an affidavit of plaintiff the superior court issued a temporary restraining order and an order to defendants to show cause why a preliminary injunction restraining them from interfering with plaintiff's said pipe-line during the pendency of the litigation should not issue from said court.

Prior to the hearing on the order to show cause defendants filed and served a notice of motion to dissolve the said restraining order and to grant defendants an injunction *pendente lite* enjoining plaintiff from maintaining the pipe-line across defendants' land or using the waters on plaintiff's land, which were being conducted through said pipe-line, or entering upon defendants' land to repair or remove said pipe-line therefrom. In support of these motions defendants served and filed an answer and cross-complaint on behalf of said defendant Emilie G. Cohen. By the answer the ownership of the pipe-line on defendants' land and the adverse maintenance thereof by plaintiff are denied, and it is averred that the carrying of said waters through said pipe-line by plaintiff was by license and permission of defendants, which license and permission have been revoked. That the said waters are carried to non-

riparian lands to the injury and detriment of defendants' riparian rights to the waters of said Snover canyon. By her cross-complaint said defendant Emilie G. Cohen sets up an ownership of the waters of the spring upon plaintiff's land (being the waters conducted by him through his said pipe-line) by virtue of a prior appropriation made while said lands were unoccupied lands of the United States government, and that the same are necessary for the irrigation of her agricultural lands and for her domestic use. That plaintiff acquires the said waters by diverting the same from the said spring by means of a tunnel projected into the formation underneath said spring. That plaintiff's said pipe-line across defendants' land was constructed and maintained under a license and permission from said defendant and her predecessors in interest, and that on the fifteenth day of April, 1905, defendant revoked said license and notified plaintiff that he might remove said pipe-line if removed before April 22, 1905. That plaintiff did not so remove said pipe-line or cease to use such right of way across the lands of cross-complainant, but threatens to continue to maintain the pipe-line and use the right of way without consent or permission of defendant. That the further maintenance of said pipe-line by said plaintiff and his associates is highly detrimental and injurious to the riparian rights of the cross-complainant. An injunction is asked restraining plaintiff from maintaining the pipe-line, carrying away the waters of the spring, or removing the pipe-line from defendants' land. A number of affidavits accompany the answer and cross-complaint setting out cross-complainant's source of claim to said waters, and statements, proceedings, occurrences and conditions tending to show that plaintiff never claimed any right to maintain said pipe-line adverse to cross-complainant.

Plaintiff answered said cross-complainant and filed certain affidavits contradictory of the material averments in the affidavits filed by defendants in support of their motion for a temporary injunction.

These matters and motions were all presented to the superior court at one hearing, the pleadings, affidavits and papers were read and submitted to the court; and the act of the court assigned as error is thus set out in the record: "Counsel for the defendants proceeded to argue said cause upon its merits, both as to the fact and the law of the case, and that after defend-

ants' counsel had proceeded at some length, the court interrupted counsel for the defendants in his said argument and stated that after the reading of said papers, it appeared to the court that it was not necessary or expedient that he should consider and determine the merits of the case, either as to the law or the fact, for that it appeared to him that the plaintiff would be damaged in a far greater degree by the granting of the motion to dissolve the restraining order or by discharging the order to show cause, or by refusing to grant plaintiff's temporary injunction *pendente lite,* than the defendants would be if the motions of the defendants and the relief sought by them were granted,'' and thereupon made the ruling excepted to and appealed from.

That the course pursued by the superior court, and the reasons assigned by it for its acts show a proper exercise of discretion does not require the citation of authority to sustain. Provisional remedies of all kinds are intended by the law to be used for the maintenance and preservation of the status of the property or persons involved in the litigation, so that the judgment of the court when given or made may be effectually carried into execution. A preliminary injunction is no exception to the rule. It was not necessary for the court to decide the merits of the controversy in favor of the plaintiff to support its order granting him a preliminary injunction. Cases are not tried on their merits upon pleading and affidavits. A preliminary injunction is granted before a hearing on the merits has been had, and its purpose and sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered until a full and deliberate investigation of the case is afforded to the party. (16 Am. & Eng. Ency. of Law, p. 345.)

Here the defendant admits the existence of the pipe-line, the use of the water, and its necessity to plaintiff, but says it all existed under her license and that she has revoked this. Whether the right exists by adverse user or by permission is the question at issue, and its destruction preliminary to a hearing on the merits by regular trial in court would have been an abuse of discretion by the trial court.

Therefore, the rulings of the trial court on the motions made should be affirmed. We do not, by this ruling, however, desire to. be understood as holding, even impliedly, that an appeal will lie from the order denying the motion to dissolve the temporary restraining order, or that the order which is designated as an order denying defendant's motion to discharge said restraining order is appealable. Neither of these are expressly made appealable by the code. Upon the hearing of the order to show cause and the action of the court thereon, the restraining order ceased to have any effect. An order dissolving or discharging a restraining order in such a case is not necessary, and it falls with a denial of the motion for a preliminary injunction, or becomes merged in the latter if granted. (*San Diego W. Co.* v. *Steamship Co.*, 101 Cal. 218, [35 Pac. 651].)

Orders appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.