MARSH BROS. & GARDENIER, INC. (a Corporation), Respondent, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Appellant.

Knight, Boland & Christin for Appellant.

Johnson & Shaw and R. M. F. Soto for Respondent.

WARD, J., *pro tem.*—This is an appeal by the defendant from a judgment rendered against it for $2,341.03 as damages suffered by reason of a temporary restraining order and injunction *pendente lite* issued in a certain action entitled *Butters et al. v. City of Oakland, a Municipal Corporation, et al.*, wherein the United States Fidelity and Guaranty Company (a corporation), as surety, executed undertakings in the sum of $450 upon the restraining order and in the sum of $2,000 upon the injunction *pendente lite*.

Marsh Bros. & Gardenier, Inc., plaintiff and respondent herein, were awarded a contract to do certain street work in Oakland, Alameda County, under proceedings taken pursuant to what is known as the "Improvement Act of 1911" (Stats. 1911, p. 730), on the district plan, with serial bonds to be issued to represent assessments of $25 each or over for the cost of such work. The details of such proceedings are fully set out in the appendix to appellant's brief, pages 2–11, paragraphs IV to XVI, inclusive. After this assessment was made the warrant, diagram and other necessary written instruments were recorded. An appeal was taken by certain property owners to the city council. After hearing thereupon, the council allowed the appeal, and directed that a new assessment be made. The council fixed the aggregate amount of such assessment and prescribed the amount to be apportioned to each separate lot. The council also directed the issuing of a new warrant and assessment and diagram and to assess the sum of $27,978.68 upon the subdivisions of land designated upon said diagram of said assessment district, which diagram was approved by the city

council by resolution No. 11025 (N. S.). In accordance with such resolution, the superintendent of streets on the fourth day of January, 1916, was ready to record the assessment diagram, etc., and about to issue such assessment, warrant and diagram, etc., to the plaintiff and respondent herein, but upon said ·date certain persons, to wit: Charles Butters et al., as plaintiffs, commenced an action in the Superior Court of the State of California, in and for the County of Alameda, against the City of Oakland, its superintendent of streets, its treasurer and the plaintiff and respondent herein, as defendants, praying for a judgment and decree of the superior court perpetually enjoining and restraining the superintendent of streets from making, issuing or recording said assessment, warrant and diagram, and restraining the treasurer of the City of Oakland from issuing serial bonds in connection therewith. Upon this complaint a temporary restraining order was issued, directed to the defendants and an order to show cause why an injunction *pendente lite* should not be issued and thereafter a permanent injunction.

The defendant and appellant herein furnished a bond in the sum of $450 containing the condition that the surety "would pay to said parties enjoined such damages not exceeding the sum of $450.00 as such parties might sustain by reason of the said temporary restraining order if the Superior Court finally decided that the said plaintiffs were not entitled thereto." Upon hearing upon the order to show cause an injunction *pendente lite* ·was issued which contained the following: "It is hereby ordered, that pending the determination of the above entitled action and until the further order of this court the said defendants, their deputies, agents, employees, and all persons acting upon or under them and each of their authority or control, or in the aid and assistance of each of said defendants, be and they are hereby restrained and enjoined from doing any of the acts hereinabove mentioned." It will be noted that the "defendants" were restrained. The plaintiff and respondent herein was one of such defendants. The acts referred to were the ·identical acts referred to in the restraining order. Also "all persons . . . in the aid or assistance of each of said defendants be and they are hereby restrained," etc. Appellant herein thereupon issued the second bond for $2,000.

The Butters case was tried and judgment entered on November 3, 1916, against the plaintiffs therein. Notice of appeal was filed on February 26, 1917, and on June 22, 1921, the District Court of Appeal affirmed the judgment. (53 Cal. App. 294 [200 Pac. 354].) On August 19, 1921, the Supreme Court of the State of California denied a petition for a hearing before such tribunal. On September 28, 1921, a writ of error to the United States Supreme Court was allowed and on the following day issued and directed to the justices of the District Court of Appeal of the State of California in and for the First Appellate District. On November 12, 1923, the Supreme Court of the United States (263 U. S. 162, 68 L. Ed. 228, 44 Sup. Ct. Rep. 62) affirmed the judgment and on December 24, 1923, the mandate of said Supreme Court was filed in the office of the clerk of said District Court of Appeal. On August 20, 1924, the present action was commenced.

█ The vital point in this case is: When did the superior court finally decide that the plaintiffs were not entitled to the judgment prayed for in *Butters et al.* v. *City of Oakland et al.?* Counsel for appellant has elaborated extensively upon the various decisions in this state, beginning with *Elliott* v. *Osborne,* 1 Cal. 396, and *Russell* v. *Elliott,* 2 Cal. 245, and down on through the long list, but no citation has been called to our attention covering the facts as we view them in the present proceeding. Had an action been instituted upon the first bond (restraining order) when the second bond was given upon the injunction *pendente lite* the plaintiff herein would undoubtedly have been directed to await the determination of the injunction proceedings upon the merits. During that period there would have been good reason for any court to determine that the issuance of the injunction *pendente lite* was a justification of the giving of the bond upon the restraining order. The injunction *pendente lite* was merely a continuation of the existence of the restraining order under another name for a further period of time for which an additional bond was required, but the propriety of the issuance of the first order could not be determined until the hearing upon the merits. The restraining order and the injunction *pendente lite* are identical in wording save the necessary changes as to dates, amounts, etc., but the parties and acts enjoined are the

same. ■ All questions decided on a motion for a preliminary injunction are open for review on the final hearing. (*Rodgers* v. *Pett*, 129 Fed. 937.) "An order dissolving or discharging a restraining order in such case is not necessary, and it falls with a denial of the motion for a preliminary injunction or becomes merged in the latter, if granted." (*Knight* v. *Cohen*, 5 Cal. App. 296 [90 Pac. 145].) "The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that pending a trial on the merits, the defendant should, or that he should not, be restrained from exercising rights claimed by him." (*Miller & Lux* v. *Madera Canal Co.*, 155 Cal. 59 [22 L. R. A. (N. S.) 391, 99 Pac. 502]. See, also, *Kendall* v. *Foulds*, 180 Cal. 171 [90 Pac. 145].) Had the instant action on the first and second bonds of the appellant herein been instituted upon the entry of judgment or upon its affirmance by the district court of appeal in the Butters matter, a showing that the case was on appeal, or that the *remittitur* from the reviewing court had not been filed in the superior court would have effectually prevented a recovery at that time. ■ A point·is made that the superior court made an oral judgment at some time prior to the entry of judgment by the clerk, but if so, this was ineffectual until entered under the provisions of section 664 of the Code of Civil Procedure. The appeal, the writ of error, the petition for hearing before the supreme court were all initiated by the surety's principal and were all within the rights and powers of such principal to do, and must be deemed to have been contemplated and approved by the surety as each move was an effort to protect the surety by an attempt to obtain a decision which would reverse the trial court and determine finally that the applicant was entitled to the injunctive relief. If this effort had been successful, respondent could not have maintained the present proceeding. The surety's principal prevented a final determination of the action in which the two bonds were written as to the courts of this state until the mandate from the United States Supreme Court was filed in the District Court of Appeal of this state. At every step in the course of these appeals and reviews, respondent was powerless to claim that the action had been finally determined,

settling once and for all whether the restraining order involving the $450 bond, or the injunction *pendente lite* involving the $2,000 bond, had been improperly issued. High on Injunctions, section 1649, says: "But if the bond is conditioned for the payment of such damages as may be sustained if the court shall finally decide that the plaintiffs were not entitled to the injunction, no right of action accrues, until the final determination of the suit." To the same effect, see *Dougherty* v. *Dore*, 63 Cal. 171; *Dowling* v. *Polack*, 18 Cal. 629; *Clark* v. *Clayton*, 61 Cal. 634, and sec. 529, Code Civ. Proc. In *Penny* v. *Holberg*, 53 Miss. 569, the court said: "So long as the suit remains in court, it is always possible, however improbable, that cause may be shown to reinstate and render perpetual the injunction in whole." In a case wherein an appeal is taken there is no final determination until the *remittitur* from the reviewing court is filed in the original action by the clerk in the court where the judgment-roll is filed, or the order appealed from is entered. (Sec. 958, Code Civ. Proc.)

 Appellant contends that the court erred in admitting in evidence the assessment roll and book without explanation as to certain alterations appearing upon its face as to the date of recordation of the assessment. As we view the matter, since every presumption of verity must be accorded a record, and apparent alterations and interlineations must be construed or mistakes corrected as soon as made, rather than as a tampering with the record, which would be unlawful, the burden was upon the defendant to show that such recording had been made before the issuance of the restraining order. The trial court had before it the actual record. It saw the erasures and interlineations and yet it decided, in effect, that the time of such recordation was subsequent to the grant of the restraining order and the injunction *pendente lite,* and we cannot feel justified in overriding that conclusion, or in stating that the lower court was in error in admitting that record. This leads us to the next point, namely, was the assessment recorded prior to the issuance of the restraining order? If, in fact, the assessment had been recorded prior to the issuing of the restraining order and the giving of the bond, then the bond was given without any consideration, and if so, this should have been specially pleaded.

In asking for and obtaining both the temporary restraining order and the injunction *pendente lite* and the recitations in both of these restraining orders, as well as in the prayers of the complaint, original and amended, we find the use of present participles, the desire being plainly evidenced that it was the "making" or "recording" or "delivering" of the warrant and assessment which was sought to be prevented and for which the surety in its bond pledged to pay its money if the defendant was prevented and damaged thereby. From the time of the making of the restraining order to the time of the grant of the injunction *pendente lite* a two months' period of time elapsed and it seems strange that no discovery was made that the warrant, etc., had actually been issued and recorded prior to the time when the restraining order was issued and served. If those acts had been done respondent herein would have been able to collect his money. Considering all of the evidence, documentary and otherwise, we believe that it was sufficient to justify the finding that the warrant, assessment and diagram had not been recorded prior to the commencement of the Butters case and the issuance of the restraining order.

Appellant has laid great stress upon the point that if the making and issuing of the new warrant, assessment and diagram by the superintendent were enjoined, it could not be recorded nor delivered, nor the certificate issued to the treasurer, nor the bonds issued by the treasurer, and when they in fact secured such an enjoining order the other defendants, including this plaintiff and respondent, were not enjoined from doing anything, and hence could not be damaged by the injunction. To state this argument should show its speciousness. The restraining order and the injunction *pendente lite* were directed to all the defendants, including the defendant Marsh Bros. & Gardenier, Inc. It could not get its bonds which constituted the payment for its work unless the warrant, assessment and diagram were made and issued by the superintendent of streets. Marsh Bros. & Gardenier, Inc., could not compel the recording of something which was not made or issued, nor could it compel the delivery of a nonexistent thing to itself, nor could it compel the issuance of the certificate to the treasurer, nor the issuance of the bonds thereupon by any known process of law and equity. Marsh Bros. & Gardenier, Inc., would

have been met at the very threshold with this restraining order and the injunction *pendente lite*. The act known as the "Improvement Act of 1911" contains no provision by which the new warrant, the assessment, the diagram, the recording or the delivery thereof, or the issuance of the certificate to the treasurer, or the issuance of the bonds could be done piecemeal for the benefit of a contracting party so that the land of Butters et al., plaintiffs in the other proceeding, could be exempted or reserved for later action. There is no provision by which Marsh Bros. & Gardenier, Inc., could obtain a supplemental assessment upon the same district as reimbursement. Plaintiff herein should not be penalized for legal error, if such there might be, in including lands not properly assessable—a matter over which plaintiff has initiatively no control.

What we have said upon the first point answers the remaining contentions of appellant.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 11, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1929.

All the Justices present concurred.