[Civ. No. 7615. First Appellate District, Division One.—June 2, 1931.]

ALETA JENNINGS, Appellant, v. J. M. WARD et al., Defendants; STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN (a Corporation), Respondent.

Glensor, Clewe & Van Dine for Appellant.

Myrick & Deering and Scott for Respondent and as *Amici Curiae.*

DOOLING, J., *pro tem.*—Plaintiff and appellant Aleta Jennings recovered judgment for $30,000 and costs for personal injuries caused by the operation of a certain automobile against defendants Ward and Sweeney. An appeal was taken from such judgment and is now pending and no stay bond was furnished on such appeal.

Appellant Jennings caused execution to be issued against Ward and Sweeney, which was returned unsatisfied. Thereafter by supplementary proceedings pursuant to Code of Civil Procedure, sections 714–722, respondent Standard Accident Insurance Company of Detroit, Michigan, was ordered to appear for examination as an alleged debtor of defendants Ward and Sweeney. Upon such examination it appeared that respondent had issued a policy covering the defendants in the operation of the automobile in question insuring them against "the loss from the liability imposed by law upon the assured for damages on account of bodily injuries, . . . sustained or alleged to have been sustained by any person" by reason of the operation of such automobile. The limit of liability for injury to one person was stated to be $10,000. A motion that respondent be compelled to pay appellant the amount provided in the policy in *pro tanto* satisfaction of her judgment was denied and from such order of denial this appeal is prosecuted.

The policy in condition "E" thereof provides: "No action shall lie against the company to recover upon any claim or for any loss under this policy unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the company, nor in any event unless brought within two years thereafter."

It is the settled rule in California, although the weight of authority in other jurisdictions is to the contrary, that a judgment is not final so long as an appeal is pending therefrom, even though a *supersedeas* bond has not been furnished. (15 Cal. Jur., article on Judgments, sec. 182, p. 121 et seq., sec. 259, pp. 260, 261; *Pellissier* v. *Title Guarantee etc. Co.*, 208 Cal. 172 [280 Pac. 947]; *Marsh Bros. & Gardinier* v. *Fidelity & G. Co.*, 97 Cal. App. 474, 479 [275 Pac. 886]; *Feeney* v. *Hinckley*, 134 Cal. 476 [86 Am. St. Rep. 290, 66 Pac. 580]; *Arp* v. *Blake*, 63 Cal. App. 362 [218 Pac. 773].)

It follows that during the pendency of the appeal the amount of such claim or loss has not been fixed and rendered certain by final judgment as required by condition "E" of the policy so as to authorize an action thereon against the company.

There is nothing inconsistent between this condition "E" and section VI of the policy, which provides that "if an execution on a judgment against the Assured is returned unsatisfied, the judgment creditor shall have a right of action against the Company, subject to the terms and limitations of this Policy, to recover the amount of said judgment", since one of such terms and limitations to which such right of action is expressly made subject is that contained in condition "E".

Many cases have been cited from other jurisdictions sustaining the right to garnish an insurer pending appeal where a stay bond has not been furnished; but since the plain language of the policy, construed in the light of the settled rule in this state that a judgment is not final while an appeal is pending, prohibits a recovery against respondent before the determination of the appeal in the main action, no useful purpose would be served by discussing them.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.