[Civ. No. 19569.   First Dist., Div. Two.   May 22, 1962.]

CASITAS INVESTMENT COMPANY, Plaintiff and Respondent, v. CHARLES L. HARNEY, INC., Defendant and Appellant; ROSARIO PARATORE et al., Defendants and Respondents.

[Civ. No. 19546.   First Dist., Div. Two.   May 22, 1962.]

CASITAS INVESTMENT COMPANY, Plaintiff and Respondent, v. ROSARIO PARATORE et al., Defendants and Appellants.

Albert M. Monaco, Heller, Ehrman, White & McAuliffe and Jack K. Dooling for Defendant and Appellant in No. 19569.

Hugh B. Miller for Defendants and Appellants in No. 19546 and Defendants and Respondents in No. 19569.

Albert F. Skelly and Bruce W. Stilson for Plaintiff and Respondent.

SHOEMAKER, J.—We have before us two appeals: the first by defendant Charles L. Harney, Inc. from orders granting a mandatory injunction and denying its motion to reopen the case; the second by defendants Rosario Paratore and Independent Construction Company, a partnership, from an order denying their motion for attorney's fees and trial expenses incurred in securing a release of a temporary restraining order.

Plaintiff Casitas Investment Company, a corporation, brought this action against defendant Charles L. Harney, Inc., to recover damages for loss of lateral support of plaintiff's land, and later amended by an additional count seeking a mandatory injunction ordering said defendant to provide satisfactory lateral support along the boundaries adjoining plaintiff's property; and against defendants Rosario Paratore and Independent Construction Company (a partnership consisting of Paratore and his son)[1] to obtain a restraining order enjoining them from selling their property without first providing satisfactory support for plaintiff's land. The court issued ex parte an order to show cause and restraining order against Rosario Paratore and Independent Construction as requested. The court subsequently, on the filing of the

---

[1] For purposes of brevity, Casitas Investment Company will hereafter be referred to as "Casitas," Charles L. Harney, Inc. as "Harney," and Independent Construction Company as "Independent Construction."

amendment, ordered defendant Harney to appear and show cause why it should not be ordered to provide satisfactory lateral support for plaintiff's land and abate the nuisance then existing. After an extended hearing on the orders to show cause, the court issued a mandatory injunction requiring defendant Harney to provide the support necessary to stabilize the plaintiff's property, and the Paratore defendants to permit access to and use of their property to accomplish the stabilization.

The record shows defendant Harney was formerly the owner of the real property adjoining that owned by the plaintiff; that in 1955 Harney made a "cut" or excavation on its land and by the fall of 1956 certain sloughing or soil failure in the vicinity of this cut had become evident; that in November of 1957 Atlas Realty Company bought the property above the Harney land and from November 1957 through March 1958 it removed a stand of trees from this property; during this time it also constructed a drainage ditch paralleling the Harney excavation. In April 1958, Harney conveyed the property to defendant Paratore and on September 17, 1958, Atlas sold its property to plaintiff Casitas. In 1956 soil failures began in the area of the cut, and became increasingly severe. By November 1957, when Atlas bought the land, holes were "nicking back" into the property it purchased. This action continued and at the time this litigation was commenced, it was evident that further soil failures might encroach another 30 to 40 feet onto the plaintiff's property, if preventive measures were not taken.

The bulk of the evidence consisted of expert testimony as to the cause or causes for the soil failure. Plaintiff's expert, a soil engineer, testified that the Harney excavation was the sole cause of the damage. He stated that the removal of the trees and the construction of the ditch by Atlas did not contribute to the soil failure for, in his opinion, the ditch served to protect the cut and the soil failure would still have occurred even had the trees been left standing.

Defendant Paratore's expert found fault with the cut and was also of the opinion that Atlas and the plaintiff Casitas could have protected the cut and that the removal of the trees and the construction of the ditch by Atlas contributed to the sloughage by increasing the erosion.

Defendant Harney's expert exculpated Harney, stating that the activities of plaintiff and its predecessors had been the sole cause of the soil failure.

It was established that defendant Harney had not obtained a permit from the City and County of San Francisco, as required by section 309 of its building code, prior to making the excavation, but had obtained a permit only after receiving notices to stop work from the city; also, it had failed to notify the adjoining landowners of the date when excavation would commence and the anticipated depth of the excavation, pursuant to Civil Code, section 832.

Upon conclusion of the hearing, the court found that stabilization was needed for the lateral support of plaintiff's property, but left open the question as to which of the defending parties was to provide it. However, it released the temporary restraining order preventing defendants Paratore and Independent Construction from conveying their land, requiring in lieu thereof that any deed executed by defendant Paratore reserve a right of ingress and egress for the purpose of completing any stabilization work which might be ordered by the court. Shortly thereafter, defendants Paratore and Independent Construction moved for attorney's fees and expenses incurred in securing the release of the temporary restraining order, which motion was denied.

In December 1959, Harney moved to reopen the case on the ground that material changes had occurred since the hearing in the physical condition of the property, which motion was also denied.

On December 21, 1959, the court issued a mandatory injunction compelling defendant Harney to "forthwith provide any wall, structure, fill or other thing, and perform any act necessary to provide that lateral support which the property . . . belonging to plaintiff . . . had in its natural state prior to the excavation made by said defendant . . ." and ordering defendant Paratore to permit defendant Harney to go upon his property to perform the acts required by the mandatory injunction and to reserve such a right of ingress and egress in any deed of the property which he might execute.

In support of this decree, the trial court made findings of fact substantially in accordance with the testimony of plaintiff's expert.

The court further found that defendant Harney had commenced the excavation without first obtaining a permit from the City and County of San Francisco and that the notice required by section 832 of the Civil Code had not been given to adjoining landowners. The court concluded that defendant Harney had excavated in a negligent manner and had further created a nuisance by removing the support for plaintiff's land.

Appellant Harney now contends that the order granting the mandatory injunction must be set aside. This contention is sound. Although the evidence presented at the hearing provides more than ample support for the trial court's finding that appellant was actionably negligent, appellant is correct in pointing out that the court issued the mandatory injunction without requiring a bond in favor of appellant.

The rule is well established that a temporary injunction issued pending final determination of a cause must be supported by a bond or undertaking and, in the absence of such a bond, must be dissolved upon application of the party enjoined. (Code Civ. Proc., § 529; *Griffin* v. *Lima* (1954) 124 Cal.App.2d 697, 699 [269 P.2d 191]; *Neumann* v. *Moretti* (1905) 146 Cal. 31 [79 P. 512].)

In the case at bar, the record reveals that the court required a $10,000 bond when it originally issued the temporary restraining order against Paratore and Independent Construction on April 16, 1959, but that it failed to make any further reference to a bond when it dissolved this order after the hearing, and when it issued the mandatory injunction against appellant Harney on December 21, 1959. The record further reveals that on March 14, 1960, the court attempted to remedy this oversight by issuing a *nunc pro tunc* order providing that the $10,000 bond filed pursuant to its April 16 order should continue in effect as security for the mandatory injunction against appellant Harney. Although the order of April 16, as above noted, required that a bond be filed *only* in favor of defendants Paratore and Independent Construction, the court found that the bond actually filed ran in favor of appellant Harney as well, and had been given as security for a temporary restraining order and preliminary injunction.

Appellant contends that this *nunc pro tunc* order could not serve to validate the mandatory injunction which the court had previously issued. The $10,000 bond in favor of all three defendants was filed with the court on April 16, 1959, and at that time no injunctive relief of any type had been sought against appellant Harney. Respondent Casitas, in its original complaint, sought a restraining order against defendants Paratore and Independent Construction only. In addition, respondent sought *damages* in the amount of $50,000 from appellant Harney. Subsequently, on May 18, 1959, respondent amended its complaint to seek a mandatory injunction against said appellant. The facts show that no injunction proceeding was pending against Harney at the time the bond was filed,

hence the bond could not conceivably be construed as running in its favor, regardless of the fact that the corporate surety, through inadvertence, named it among those defendants secured.

The law on this point was settled some years ago. In *Maier* v. *Luce* (1923) 61 Cal.App. 552 [215 P. 399], the court held that a bond given on issuance of a temporary restraining order was not sufficient to support a preliminary injunction which was subsequently issued without requiring a new bond. The court held that the restraining order pursuant to which the bond was issued had expired at the conclusion of the hearing to show cause why the temporary injunction should not issue. Since the sureties had obligated themselves only with reference to the restraining order, the court ''was powerless to extend their liability beyond the precise terms of their contract.'' (P. 556.) Additionally, the court held that the action of the court, similar to that in the present case, to validate by *nunc pro tunc* order the failure of the court to provide for a bond in connection with the granting of the preliminary injunction, was ineffectual. We are satisfied that the trial court was powerless, through *nunc pro tunc* order, to extend the surety's liability to a form of injunctive relief which respondent added to its complaint more than a month after the filing of the corporate bond. Although respondent and the lower court place considerable emphasis on the inadvertent wording employed in the bond, it certainly cannot be held that the surety's negligence alone could empower the court to extend its undertaking to an injunction which, at best, existed only in the mind of respondent at the time the bond was filed.

Code of Civil Procedure, section 529, provides as follows: ''On granting an injunction, the court or judge *must* require [except under circumstances not here relevant] a written undertaking on the part of the applicant, with sufficient sureties, to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto.'' (Emphasis added.) The courts have held that such a bond, being expressly required by statute, is mandatory, and that a preliminary injunction does not become operative until the bond is furnished. (*Griffin* v. *Lima, supra,* at pp. 699-700.) It has also been held that if an injunction is issued without the required bond, the defendant has the right to have it dissolved. (*Neumann* v. *Moretti, supra,* pp. 33-34.) Since the

trial court's *nunc pro tunc* order was clearly ineffectual, under the rule of the *Maier* case, to extend the bond to the mandatory injunction against appellant Harney, the order issuing the injunction must be reversed. Under these circumstances, it becomes unnecessary to review appellant Harney's other grounds for reversal of this order or to resolve its contention that the lower court erred in denying its motion to reopen the case.

The sole question remaining is whether appellants Paratore and Independent Construction are correct in their contention that the trial court erred in denying their motion for attorney's fees and expenses. As we have noted, a temporary restraining order was issued herein, prohibiting these appellants from selling or otherwise transferring any interest in their property without first providing satisfactory support for respondent's property. Upon conclusion of the hearing to show cause why a mandatory injunction should not issue against appellant Harney, the court released the temporary restraining order subject to the requirement that any deed executed by appellant Paratore reserve a right of ingress and egress for the purpose of performing the necessary stabilization work. Appellants Paratore and Independent Construction then moved for attorney's fees and expenses incurred in securing a release of the temporary restraining order. In support of this motion, appellants filed the affidavit of their attorney, who averred that appellants were in the business of constructing and selling homes and that it had been their intention to sell several homes already under construction and use the proceeds of the sales to build additional homes. He stated that the restraining order had prevented appellants from selling the homes they had constructed and had thereby prevented them from obtaining financing for additional construction. It therefore became necessary for appellants to employ him for the purpose of securing a release of the restraining order. He further stated that prior to the hearing and on a number of subsequent occasions, he had informed respondent that appellants would voluntarily give permission, stipulate, or do anything else necessary to reserve a right of ingress and egress for the purpose of completing the stabilization work, all of which had been refused. An itemized list of the services rendered and the fees charged in securing the release of the restraining order was appended to the affidavit.

Appellants contend that the trial court abused its discretion in denying their motion for attorney's fees and expenses.

Since no affidavit was filed in opposition to the motion, and since the affidavit of appellants' attorney established that he did perform various services in securing a release of the restraining order, appellants assert that the lower court had no alternative but to grant the motion.

■ It is certainly the rule that a corporate surety is liable on its bond for attorney's fees reasonably incurred in securing the release of a temporary restraining order which the bonding company has undertaken to secure. (*Mason* v. *United States Fid. & Guar. Co.* (1943) 60 Cal.App.2d 587 [141 P.2d 475].) It has been stated that such counsel fees are an element of the "damages" resulting from the wrongful injunction (*Estate of Williamson* (1957) 150 Cal.App.2d 334, 341 [310 P.2d 77]), and, as such, may properly be recovered by the party enjoined through an independent action brought against the surety.

■ However, appellants have directed this court's attention to no case in which recovery of such "damages" has been allowed by way of motion in the main action in which the injunction was issued. Indeed, the rule would appear to be to the contrary. Although it is true that federal rule 65(c) (Fed. Rules Civ. Proc., rule 65, subd. (c), 28 U.S.C.A.) authorizes such a motion in the federal courts, the California cases have required that the injured party bring an independent action against the surety after the main action has terminated. (See *Clark* v. *Clayton* (1882) 61 Cal. 634; *Dougherty* v. *Dore* (1883) 63 Cal. 170; 1 Witkin, California Procedure, Provisional Remedies, § 44, p. 886.)

The court denied appellants' motion without making any findings of the grounds for denial. We think it proper to assume that the denial was based on the trial court's conclusion that such a motion would not lie. Since the trial court was clearly correct in this premise, the order denying appellants' motion for attorney's fees and expenses is affirmed.

For the reasons previously set forth, the order issuing the mandatory injunction against appellant Harney is reversed. The order denying motion to reopen case is affirmed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing in Civ. No. 19569, was denied June 18, 1962, and the petition of plaintiff and respondent for a hearing by the Supreme Court in Civ. No. 19569 was denied July 18, 1962.