[Civ. No. 22302.   First Dist., Div. Two.   Dec. 22, 1965.]

NUCLEAR ELECTRONIC LABORATORIES, INCORPO-
RATED, Plaintiff, Cross-defendant and Respondent, v.
WILLIAM C. CORNELL COMPANY et al., Defendants,
Cross-complainants and Appellants.

John P. Vukasin, Jr., Carl Hoppe and John R. Murtha for Defendants, Cross-complainants and Appellants.

Frank William Newton for Plaintiff, Cross-defendant and Respondent.

SHOEMAKER, P. J.—On February 20, 1964, plaintiff Nuclear Electronic Laboratories, Incorporated, obtained, ex parte, a temporary restraining order and an order to show cause why a preliminary injunction should not be issued. The temporary restraining order enjoined defendants William C. Cornell Company, William C. Cornell, and Lenroc Company, from manufacturing, selling or advertising the "Lenroc Tester" for sale; from claiming that plaintiff did not own or was not entitled to manufacture or sell the "PCV Tester"; and from seeking in another court any order prohibiting plaintiff from manufacturing or selling the "PCV Tester."

Bond on the temporary restraining order was fixed at $2,000 and was subsequently raised to $10,000 upon application by defendants.

Sometime prior to March 3, 1964, defendants applied for a preliminary injunction and also moved for an order dissolving the temporary restraining order. Plaintiff's and defendants' applications for a preliminary injunction were heard by the court on March 3 and 4, 1964. In an order made in open court on the latter date and signed on May 6, 1964, the

court found that neither side should be granted a preliminary injunction, that the temporary restraining order should be dissolved, that there was probable cause for the issuance of said restraining order, and that the bond posted on said order should be exonerated. The court entered its order accordingly. Pursuant to the stipulation of the parties, defendants were restrained, during the pendency of the action, from claiming that plaintiff was not the owner of and entitled to manufacture and sell the ''PCV Tester,'' and plaintiff was restrained, during the pendency of the action, from claiming that defendants were not the owners of and entitled to manufacture and sell the ''Lenroc Tester.''

Defendants filed notice of appeal from those portions of the order of May 6, 1964, holding that the temporary restraining order was properly issued and ordering that the bond posted thereon be exonerated.

Defendants' sole contention is that a court may not undertake to determine *by way of motion prior to the termination of the action* that a temporary restraining order was properly issued and similarly may not exonerate the bond posted on such restraining order.

Defendants assert that in the instant case, the obligor on the bond expressly agreed to pay the parties enjoined such damages, not in excess of the amount specified, as such parties may sustain by reason of the restraining order ''if the . . . Superior Court *finally decides* that the said Plaintiff was not entitled thereto . . .'' (italics added). Defendants contend that the words ''finally decides'' clearly refer to the final judgment in the action and not to a preliminary ruling or order made while the suit is still pending. Since a preliminary ruling of this nature is of no binding effect upon the trial court, which might ultimately determine that plaintiff was not entitled to injunctive relief, defendants contend that it cannot be deemed in any sense a ''final decision'' either that liability does or does not exist under the terms of the bond. It follows, according to defendants, that such a ruling affords no basis either for an action upon the bond or for an order exonerating the bond. We accept this argument as eminently sound.

It is settled that recovery upon a bond supporting a temporary injunction or restraining order must be had by way of independent action brought after the termination of the action in which the injunction was issued. (*Clark* v.

*Clayton* (1882) 61 Cal. 634; *Dougherty* v. *Dore* (1883) 63 Cal. 170; *Marsh Bros. & Gardenier, Inc.* v. *United States Fidelity & Guar. Co.* (1929) 97 Cal.App. 474, 477-479 [275 P. 886]; *Casitas Inv. Co.* v. *Charles L. Harney, Inc.* (1962) 203 Cal.App.2d 811, 818 [21 Cal.Rptr. 821]; 1 Witkin, Cal. Procedure (1954), Provisional Remedies, § 44, p. 886.) In order to recover upon the bond, the plaintiff must show that he sustained damages as the result of a temporary injunction or restraining order issued in a prior action and that such action resulted in a *final* judgment determining that the party who obtained the injunctive relief was not entitled thereto. (*Asevado* v. *Orr* (1893) 100 Cal. 293, 299 [34 P. 777]; *Rice* v. *Cook* (1891) 92 Cal. 144, 147 [28 P. 219]; *Edwards* v. *Container Kraft Carton etc. Co.* (1958) 161 Cal. App.2d 752, 761 [327 P.2d 622].) Where a preliminary injunction supported by a bond has been issued and dissolved but the action in which it was granted is still pending for trial, an independent action brought upon the bond is premature and the defendant in such action is entitled to move for a nonsuit. (*Clark* v. *Clayton, supra.*) Even though the trial court which issued a preliminary injunction or temporary restraining order supported by a bond has subsequently rendered judgment in favor of the party enjoined, such party cannot bring suit upon the bond while an appeal from the judgment is pending. (*Marsh Bros. & Gardenier, Inc.* v. *United States Fidelity & Guar. Co., supra.*)

The logic behind the rules above set forth is lucidly explained in the *Marsh Bros.* case. Marsh Bros. & Gardenier, Inc. was a defendant in an action for an injunction brought by *Charles Butters et al.* v. *City of Oakland et al.* Upon the filing of the complaint, a temporary restraining order was issued directed to the defendants and an order to show cause why an injunction pendente lite should not be granted and thereafter a permanent injunction. Plaintiff furnished bond in the sum of $450 upon the granting of the temporary restraining order, and thereafter furnished bond in the sum of $2,000 when the court ordered the issuance of an injunction pendente lite. Judgment against plaintiffs Butters et al. was subsequently entered and affirmed by the District Court of Appeal (53 Cal.App. 294 [200 P. 354]); a petition for hearing by the Supreme Court of California was denied and finally the Supreme Court of the United States, on appeal to that court, affirmed the judgment (263 U.S. 162 [44 S.Ct. 62,

68 L.Ed. 228]). Defendant Marsh Bros. & Gardenier, Inc. then brought suit upon the bonds. In rejecting the contention that the propriety of the injunctive relief had been ''finally decided'' at any earlier stage in the proceedings than the time of the receipt of the mandate from the Supreme Court of the United States, the court stated: ''All questions decided on a motion for a preliminary injunction are open for review on the final hearing. [Citation]. . . . 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that pending a trial on the merits, the defendant should, or that he should not, be restrained from exercising rights claimed by him.' [Citations]. . . . At every step in the course of these appeals and reviews, respondent was powerless to claim that the action had been finally determined, settling once and for all whether the restraining order . . . or the injunction *pendente lite* . . . had been improperly issued. . . . In *Penny* v. *Holberg*, 53 Miss. 569, the court said: 'So long as the suit remains in court, it is always possible, however improbable, that cause may be shown to reinstate and render perpetual the injunction in whole.' In a case wherein an appeal is taken there is no final determination until the *remittitur* from the reviewing court is filed in the original action by the clerk in the court where the judgment-roll is filed, or the order appealed from is entered.'' (Pp. 478-479.)

In the instant case, defendants have appealed from portions of an order dissolving a temporary restraining order and denying both sides a preliminary injunction. The action has resulted in no judgment, final or otherwise, and trial has been continued pending this appeal. The authorities above-discussed clearly establish that the preliminary ruling, subject of this appeal, cannot be deemed a final decision *creating* a cause of action upon the bond given in support of the temporary restraining order. It would seem axiomatic that the ruling similarly cannot be deemed a final decision abolishing a cause of action upon the bond. It follows that the trial court ought not to have exonerated the bond prior to the ''final decision'' upon which the liability of the obligor was contractually conditioned. In the event that the instant action should result in a final judgment determining that plaintiff was entitled to injunctive relief, exoneration of the

bond would then be proper. It is possible, however, that the action might result in a judgment determining that plaintiff was not entitled to such relief and thereby creating in defendants a right to bring suit upon the bond. By exonerating the bond prior to any such final adjudication, the trial court improperly sought to relieve the obligor of his contractual duties and destroy defendants' cause of action on the bond before it ever arose. This portion of the order appealed from must be reversed.

■ Defendants also complain of the finding that there was probable cause for the issuance of the restraining order. This finding is superfluous and is obviously of no binding effect upon the trial court.

■ Certain arguments raised by plaintiff may be disposed of summarily. Plaintiff suggests that the order of May 6, 1964, was inseverable and that defendants, having accepted the benefits of those portions of the order which dissolved the temporary restraining order and denied plaintiff a preliminary injunction, were not entitled to appeal from that portion of the order which exonerated the bond on the restraining order. We do not agree. The portion of the order which exonerated the bond on the restraining order was entirely distinct and independent of the other directive portions of the order. ■ It is settled that where a judgment or order contains distinct and severable provisions on independent issues, and a reversal on one will not disturb the determination of others, it is proper to accept the benefits of the determination on one issue and appeal from another severable portion of the judgment or order. (3 Witkin, Cal. Procedure (1954) § 43, p. 2191; *Wold* v. *League of the Cross* (1930) 107 Cal.App. 344, 346-347 [290 P. 460].) ■ It is obvious that a reversal of that portion of the order which exonerated the bond on the temporary restraining order will not disturb those portions of the order which dissolved the temporary restraining order and denied both sides a preliminary injunction.

Plaintiff also asserts that since the trial court could have issued the temporary restraining order without a bond, it cannot be deemed to have abused its discretion by requiring a bond and subsequently exonerating it. This argument is specious. Although it is true that a valid restraining order may be issued without a bond, it is the better practice to give the party enjoined this protection. (*Biasca* v. *Superior Court*

(1924) 194 Cal. 366 [228 P. 861].) In the instant case, the trial court properly determined that defendants were entitled to the security of a bond. Having chosen to require such protection, the court ought not to have exonerated the bond prior to the final decision upon which the obligor's liability was conditioned.

That portion of the order of May 6, 1964, which exonerated the bond on the temporary restraining order is reversed; in all other respects, the order is affirmed.

Agee, J., and Taylor, J., concurred.